_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED

OCT 3 1 2014         PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

GARY FUJITA                              )
                                         )        C14 - 1688 RAJ
and                                      )        Civil Action No. _____
                                         )
KAREN FUJITA                             )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )
                                         )
JACK LEW, in his official capacity as    )        COMPLAINT
Secretary of the Treasury                )
1500 Pennsylvania Avenue, N.W.           )
Washington, D.C.  20503                  )
                                         )
INTERNAL REVENUE SERVICE                 )
1111 Constitution Avenue, N.W.           )
Washington, D.C.  20224                  )
                                         )
JOHN KOSKINEN, in his official           )
capacity as Commissioner of the          )
Internal Revenue                         )
1111 Constitution Avenue, N.W.           )
Washington, D.C.  20224                  )
                                         )
        Defendants.                      )
                                         )
_____)

1.      Pursuant to the Administrative Procedure Act ("APA"), Gary Fujita and Karen

Fujita file this Complaint against Defendants The Department of the Treasury of the United

- 1 -

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

States ("Treasury"); Jack Lew, in his official capacity as Secretary of the Treasury ("Secretary"); the Internal Revenue Service ("IRS"); and Josh Koskinen, in his official capacity as Commissioner of Internal Revenue; seeking relief for this Court to hold unlawful and set aside agency action not in accordance with law and in excess of statutory authority and to compel agency action unlawfully withheld from the Plaintiffs.

## **INTRODUCTION**

### A. Plaintiffs' Right to Judicial Review of Agency Action

2.      The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." *See* 5 U.S.C. § 702[1].  Due to the deprivation of Plaintiffs' property, withheld agency action and actions not in accordance with law, Plaintiffs have been adversely affected by IRS employee conduct in conjunction with actions withheld by the Secretary.    The Plaintiffs' rights of administrative due process and Constitutional Fifth Amendment due process have been circumvented by IRS failure to perform statutorily required duties, misapplication of various provisions of Title 26 and the Secretary's failure to publish regulations and initiate civil forfeiture proceedings required by law to enforce purported tax

---

[1] 5 U.S. Code § 702 - Right of review
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein
(1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or
(2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

COMPLAINT                              - 2 -                    Gary & Karen Fujita
                                                               113 32nd Ave. East
                                                            Seattle, Washington 98112
                                                               (206) 601-7946

liens. The conduct complained of, which has operated as a *scheme*[2] that is actionable under several sections of the APA, has resulted in deprivation of Plaintiffs' liberty and the right to enjoy their property and the ability to have and use said property.

3.      The claims made herein are made under the zone of protection provided by 5 U.S.C. § 706[3].  This is not an action designed to prevent the assessment or collection of taxes because the focus is on specific acts that have already been committed by the IRS and actions withheld by the Secretary in the past.

**B. Scheme Used to Seize Plaintiff's Property**

4.      From 1997 to the current date, a period of seventeen years, the IRS in conjunction with the support of the Secretary has been waging, and continues to wage, an ongoing scheme against the Plaintiffs who have been victims of a series of prolonged and hostile arbitrary and capricious acts which have exceeded statutory authority and operated as withheld agency actions.  This scheme has resulted in Plaintiffs being denied twenty-five separate due process

---

[2]  scheme. 2. An artful plot or plan, usu. to deceive others.  Black's Law Dictionary, 7th Ed.

[3]  5 U.S. Code § 706 - Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
  (1)   compel agency action unlawfully withheld or unreasonably delayed; and
  (2)   hold unlawful and set aside agency action, findings, and conclusions found to be—
    (A)   arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B)   contrary to constitutional right, power, privilege, or immunity;
    (C)   in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    (D)   without observance of procedure required by law;
    (E)   unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
    (F)   unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

COMPLAINT                                   - 3 -                          Gary & Karen Fujita
                                                                          113 32nd Ave. East
                                                                       Seattle, Washington  98112
                                                                          (206) 601-7946

plenary actions required by 26 U.S.C. § 7403[4] which is required by law after property has been

provisionally seized administratively under authority of 26 U.S.C. § 6331[5].

---

[4] 26 U.S. Code § 7403 - Action to enforce lien or to subject property to payment of tax

**(a)  Filing**
In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.

**(b)  Parties**
All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

**(c)  Adjudication and decree**
The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

**(d)  Receivership**
In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity.

[5]  **26 U.S. Code § 6331 - Levy and distraint**

**(a)  Authority of Secretary**
If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary, and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

**(b)  Seizure and sale of property**
The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

**(c)  Successive seizures**
Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**(d)  Requirement of notice before levy**
    **(1)  In general**
Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.
    **(2)  30-day requirement**
The notice required under paragraph (1) shall be—
        **(A)**  given in person,
        **(B)**  left at the dwelling or usual place of business of such person, or
        **(C)**  sent by certified or registered mail to such persons's last known address,

**(D)** no less than 30 days before the day of the levy.

**(3) Jeopardy**

Paragraph (1) shall not apply to a levy if the Secretary has made a finding under the last sentence of subsection (a) that the collection of tax is in jeopardy.

**(4) Information included with notice**

The notice required under paragraph (1) shall include a brief statement which sets forth in simple and nontechnical terms—

    **(A)** the provisions of this title relating to levy and sale of property,

    **(B)** the procedures applicable to the levy and sale of property under this title,

    **(C)** the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals,

    **(D)** the alternatives available to taxpayers which could prevent levy on the property (including installment agreements under section 6159),

    **(E)** the provisions of this title relating to redemption of property and release of liens on property, and

    **(F)** the procedures applicable to the redemption of property and the release of a lien on property under this title.

**(e) Continuing levy on salary and wages**

The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under section 6343.

**(f) Uneconomical levy**

No levy may be made on any property if the amount of the expenses which the Secretary estimates (at the time of levy) would be incurred by the Secretary with respect to the levy and sale of such property exceeds the fair market value of such property at the time of levy.

**(g) Levy on appearance date of summons**

    **(1) In general**

No levy may be made on the property of any person on any day on which such person (or officer or employee of such person) is required to appear in response to a summons issued by the Secretary for the purpose of collecting any underpayment of tax.

    **(2) No application in case of jeopardy**

This subsection shall not apply if the Secretary finds that the collection of tax is in jeopardy.

**(h) Continuing levy on certain payments**

    **(1) In general**

If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer.

    **(2) Specified payment**

For the purposes of paragraph (1), the term "specified payment" means—

        **(A)** any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee,

        **(B)** any payment described in paragraph (4), (7), (9), or (11) of section 6334(a), and

        **(C)** any annuity or pension payment under the Railroad Retirement Act or benefit under the Railroad Unemployment Insurance Act.

    **(3) Increase in levy for certain payments**

Paragraph (1) shall be applied by substituting "100 percent" for "15 percent" in the case of any specified payment due to a vendor of property, goods, or services sold or leased to the Federal Government.

**(i) No levy during pendency of proceedings for refund of divisible tax**

    **(1) In general**

No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person if—

        **(A)** the decision in such proceeding would be res judicata with respect to such unpaid tax; or

        **(B)** such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.

    **(2) Divisible tax**

For purposes of paragraph (1), the term "divisible tax" means—

        **(A)** any tax imposed by subtitle C; and

        **(B)** the penalty imposed by section 6672 with respect to any such tax.

    **(3) Exceptions**

        **(A) Certain unpaid taxes**

This subsection shall not apply with respect to any unpaid tax if—

            i.)  the taxpayer files a written notice with the Secretary which waives the restriction imposed by this subsection on levy with respect to such tax; or

| COMPLAINT | - 5 - | Gary & Karen Fujita |
|---|---|---|

   ii.)  the Secretary finds that the collection of such tax is in jeopardy.
  **(B)  Certain levies**
This subsection shall not apply to—
   i.)  any levy to carry out an offset under section 6402; and
   ii.)  any levy which was first made before the date that the applicable proceeding under this subsection commenced.
  **(4)  Limitation on collection activity; authority to enjoin collection**
   **(A)  Limitation on collection**
No proceeding in court for the collection of any unpaid tax to which paragraph (1) applies shall be begun by the Secretary during the pendency of a proceeding under such paragraph. This subparagraph shall not apply to—
   i.)  any counterclaim in a proceeding under such paragraph; or
   ii.)  any proceeding relating to a proceeding under such paragraph.
   **(B)  Authority to enjoin**
Notwithstanding section 7421(a), a levy or collection proceeding prohibited by this subsection may be enjoined (during the period such prohibition is in force) by the court in which the proceeding under paragraph (1) is brought.
  **(5)  Suspension of statute of limitations on collection**
The period of limitations under section 6502 shall be suspended for the period during which the Secretary is prohibited under this subsection from making a levy.
  **(6)  Pendency of proceeding**
For purposes of this subsection, a proceeding is pending beginning on the date such proceeding commences and ending on the date that a final order or judgment from which an appeal may be taken is entered in such proceeding.
 **(j)  No levy before investigation of status of property**
  **(1)  In general**
For purposes of applying the provisions of this subchapter, no levy may be made on any property or right to property which is to be sold under section 6335 until a thorough investigation of the status of such property has been completed.
  **(2)  Elements in investigation**
For purposes of paragraph (1), an investigation of the status of any property shall include—
   **(A)**  a verification of the taxpayer's liability;
   **(B)**  the completion of an analysis under subsection (f);
   **(C)**  the determination that the equity in such property is sufficient to yield net proceeds from the sale of such property to apply to such liability; and
   **(D)**  a thorough consideration of alternative collection methods.
 **(k)  No levy while certain offers pending or installment agreement pending or in effect**
  **(1)  Offer-in-compromise pending**
No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax—
   **(A)**  during the period that an offer-in-compromise by such person under section 7122 of such unpaid tax is pending with the Secretary; and
   **(B)**  if such offer is rejected by the Secretary, during the 30 days thereafter (and, if an appeal of such rejection is filed within such 30 days, during the period that such appeal is pending).
For purposes of subparagraph (A), an offer is pending beginning on the date the Secretary accepts such offer for processing.
  **(2)  Installment agreements**
No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax—
   **(A)**  during the period that an offer by such person for an installment agreement under section 6159 for payment of such unpaid tax is pending with the Secretary;
   **(B)**  if such offer is rejected by the Secretary, during the 30 days thereafter (and, if an appeal of such rejection is filed within such 30 days, during the period that such appeal is pending);
   **(C)**  during the period that such an installment agreement for payment of such unpaid tax is in effect; and
   **(D)**  if such agreement is terminated by the Secretary, during the 30 days thereafter (and, if an appeal of such termination is filed within such 30 days, during the period that such appeal is pending).
  **(3)  Certain rules to apply**
Rules similar to the rules of—
   **(A)**  paragraphs (3) and (4) of subsection (i), and
   **(B)**  except in the case of paragraph (2)(C), paragraph (5) of subsection (i), shall apply for purposes of this subsection.
 **(l)  Cross references**
  **(1)**  For provisions relating to jeopardy, see subchapter A of chapter 70.
  **(2)**  For proceedings applicable to sale of seized property see section 6335.
  **(3)**  For release and notice of release of levy, see section 6343.

---

COMPLAINT          - 6 -          Gary & Karen Fujita
                          113 32nd Ave. East
                       Seattle, Washington  98112
                           (206) 601-7946

5.     The scheme involves a series of actions by employees of the Internal Revenue Service which operates to mislead other parties whose cooperation is required to bring the scheme to fruition. The first party relied upon in Washington state is the county recorder, which in this case is the office of King County Recorder ("Recorder"). The second party relied upon by the IRS is any custodian of the Plaintiffs' property. The third and crucial party to the scheme is the Secretary of the Treasury. By misleading these other parties, the IRS is able to successfully complete the scheme which is comprised of the following steps:

a.     <u>Step One</u>.  IRS employees arbitrarily assign some kind of alleged tax obligation and misapply the obligation to either, or both, of the Plaintiffs.  When the Plaintiffs challenge the inappropriate agency action, in excess of statutory authority the IRS misapplies 26 U.S.C. § 6702[6] against the Plaintiffs in the form of large monetary penalties and, in many cases, labels

---

[6] **26 U.S. Code § 6702 - Frivolous tax submissions**
**(a)  Civil penalty for frivolous tax returns**
A person shall pay a penalty of $5,000 if—
    **(1)**  such person files what purports to be a return of a tax imposed by this title but which—
        **(A)**  does not contain information on which the substantial correctness of the self-assessment may be judged, or
        **(B)**  contains information that on its face indicates that the self-assessment is substantially incorrect, and
    **(2)**  the conduct referred to in paragraph (1)—
        **(A)**  is based on a position which the Secretary has identified as frivolous under subsection (c), or
        **(B)**  reflects a desire to delay or impede the administration of Federal tax laws.
**(b)  Civil penalty for specified frivolous submissions**
    **(1)  Imposition of penalty**
Except as provided in paragraph (3), any person who submits a specified frivolous submission shall pay a penalty of $5,000.
    **(2)  Specified frivolous submission**
For purposes of this section—
        **(A)  Specified frivolous submission**
The term "specified frivolous submission" means a specified submission if any portion of such submission—
            i.)  is based on a position which the Secretary has identified as frivolous under subsection (c), or
            ii.)  reflects a desire to delay or impede the administration of Federal tax laws.
        **(B)  Specified submission**
The term "specified submission" means—
            i.)  a request for a hearing under—
                I.)  section 6320 (relating to notice and opportunity for hearing upon filing of notice of lien), or
                II.)  section 6330 (relating to notice and opportunity for hearing before levy), and
            ii.)  an application under—
                I.)  section 6159 (relating to agreements for payment of tax liability in installments),
                II.)  section 7122 (relating to compromises), or

---

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

the challenge a "frivolous filling." A simple letter of inquiry sent to the IRS has been known to trigger a $5000.00 penalty. In one instance, after being hit with a series of these large monetary penalties, the Plaintiffs telephoned the IRS to protest the agency action. The IRS employee contacted instructed the Plaintiffs to file form 843 (*Claim for Refund and Request for Abatement*) to abate the penalties. After following the IRS' instructions and filing the form, the IRS imposed more § 6702 penalties for the filing of the 843! In another instance, years after the Plaintiffs paid all the taxes and penalties allegedly assessed for a particular tax period, subsequent IRS employees created additional § 6702 penalties for the same tax period for no apparent reason.

b.  <u>Step Two</u>. Once payment of the monetary obligation imposed by the IRS is demanded and not paid by the Plaintiffs, the IRS mails a document titled "Notice of Federal Tax Lien" ("Lien Notice") to the Recorder requesting the Lien Notice be filed in the public record. The Recorder complies with the IRS request and files this Lien Notice that is unacknowledged and which contains no information indicating that due process had been afforded to the Plaintiffs.

c.  <u>Step Three</u>. The IRS subsequently mails misleading notices, *not court orders*, titled "Notice of Levy on Wages, Salary, and Other Income" ("Levy Notice") to third party

---

III.)   section 7811 (relating to taxpayer assistance orders).
    **(3) Opportunity to withdraw submission**
If the Secretary provides a person with notice that a submission is a specified frivolous submission and such person withdraws such submission within 30 days after such notice, the penalty imposed under paragraph (1) shall not apply with respect to such submission.
    **(c)  Listing of frivolous positions**
The Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has identified as being frivolous for purposes of this subsection. The Secretary shall not include in such list any position that the Secretary determines meets the requirement of section 6662(d)(2)(B)(ii)(II).
    **(d)  Reduction of penalty**
The Secretary may reduce the amount of any penalty imposed under this section if the Secretary determines that such reduction would promote compliance with and administration of the Federal tax laws.
    **(e)  Penalties in addition to other penalties**
The penalties imposed by this section shall be in addition to any other penalty provided by law.

COMPLAINT                                          - 8 -                              Gary & Karen Fujita
                                                                                      113 32nd Ave. East
                                                                                      Seattle, Washington  98112
                                                                                      (206) 601-7946

custodians of the Plaintiffs' property under the guise of 26 U.S.C. § 6331. The Levy Notice is intentionally misleading because the IRS conveniently leaves out a crucial sub-paragraph which would alert the custodian that the levy does not pertain to the Plaintiffs and can be ignored. In Plaintiffs' case, none of these notices sent to custodians of Plaintiffs' property have ever been supported by any judgment or order issued by a district court. This shows bad faith on the part of the IRS by supplying only *portions* of the law to these third parties which then operates to mislead as to the legal authority relied upon to demand the Plaintiffs' property. Following receipt of the Levy Notice, the third party custodian then transfers the Plaintiffs' property into the hands of the IRS.

    d.  Step Four. The final step of the scheme involves the Secretary who, after property has been administratively seized as the result of enforcement of a federal tax lien, is required to complete the governmental seizure process by instituting a civil action pursuant of 26 U.S.C. § 7403. With regards to Plaintiffs, the IRS has either failed to notify the Secretary of the seizures or the Secretary has chosen to withhold this mandatory agency action and has never instituted any suit which provides for judicial due process as required by the Fifth Amendment of the Constitution and 5 U.S.C. § 706. To date, the Secretary has withheld this required agency action from the Plaintiffs twenty-five times.

## JURISDICTION AND VENUE

    6.   Because this action arises under the federal Administrative Procedure Act, 5 U.S.C. § 551 et seq., and seeks judicial review under 5 U.S.C. § 702, this district court has subject matter jurisdiction, Wiren v. Eide, 542 F.2d 757 (9th Cir. 1976). Also See FTC v. Klesner, 280 U.S. 19 (1929) as cited in Heckler v. Chaney 470 U.S. 821 (1985).

COMPLAINT           - 9 -           Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington 98112
(206) 601-7946

"Similarly, when an agency does act to enforce, that action itself provides a focus for judicial review, inasmuch as the agency must have exercised its power in some manner. The action at least can be reviewed to determine whether the agency exceeded its statutory powers. See, e. g., FTC v. Klesner, 280 U.S. 19 (1929)."

7.     Original jurisdiction is also conferred upon this Court pursuant to 28 U.S.C. § 1346(a)(1)[7] in as much as this is a civil action against the United States for the recovery of taxes illegally collected and penalties collected without authority.

8.     The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331[8] because this action arises under the Constitution and laws of the United States.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1)(C)[9] because the Defendants are officers and agencies of the United States, several of the Plaintiffs reside in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10.     **Plaintiffs** Gary Fujita and Karen Fujita, husband and wife, are Washington State residents who have lived in Seattle for many decades. At all times material, Gary Fujita has

---

[7] **28 U.S. Code § 1346 - United States as defendant**

(a)   **The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:**
     (1)  Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

[8]   **28 U.S. Code § 1331 - Federal question**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[9]   **28 U.S. Code § 1391 - Venue generally**
(e)   **Actions Where Defendant Is Officer or Employee of the United States.—**
     **(1) In general.—** A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which
     **(A)** the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington 98112
(206) 601-7946

worked for the Boeing Company since 1982 and Karen Fujita has worked for various corporations in the capacity of a Business Systems Analyst since the late 1980's. Neither of the Plaintiffs worked as officers of any corporation with a duty to perform any acts set out in Title 26, and are not officers, employees, or elected officials, of the United States, the District of Columbia, or any agency or instrumentality of the United States, the District of Columbia or any instrumentally thereof. The Plaintiffs have never made any conscious election or political decision to be treated as officers of a corporation or government employees, *See* Affidavit of Gary Fujita and Affidavit of Karen Fujita as **Exhibit A** annexed hereto.

11.   The Plaintiffs have standing to initiate this Complaint because they have attempted all other administrative means and have suffered actual financial damages as a result of the arbitrary and capricious acts and omissions of the IRS and the Secretary. Either the IRS and/or the Secretary are targeting the Plaintiffs personally or individual IRS employees are being allowed to ignore Constitutional and statutory due process protections in operation of the agency ad infinitum. The rule of law in terms of the IRS is a sick joke with regards to the Plaintiffs' situation. In fact the order of the day for the Plaintiffs with regards to the IRS has been the absolute *absence* of law as will be shown here. The facts and the law really do speak for themselves. For seventeen years Plaintiffs have used every possible means to try and stop the harassment and abuse by various and sundry IRS employees, all without success. Absent judicial intervention pursuant of the APA, the Plaintiffs have *no hope* of ever escaping the illegal predatory actions of individual rogue IRS employees.

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

12.   **Defendant** Internal Revenue Service is an executive agency of the United States within the meaning of the APA.  *See* 5 U.S.C. § 551[10] and 26 CFR 601.702.

13.   **Defendant** Josh Koskinen is the Commissioner of the IRS.  In that role he is responsible for the conduct and actions of every IRS employee within the agency.  He is sued in his official capacity.

14.   **Defendant** Jacob Lew is the Secretary of the Department of the Treasury of the United States.  In that role he is responsible for requesting that forfeiture proceedings be commenced against the Plaintiffs and for the implementation and lack thereof of certain regulations which are the subject of this lawsuit.  He is sued in his official capacity.

## **STANDARD OF REVIEW**

15.   Pursuant to 5 U.S.C. § 706 the standard of review of actions against a government agency should be made with judicial attention and protection centered on unlawfully withheld or unreasonably delayed agency actions, arbitrary, capricious, abuses of discretion, or acts otherwise not in accordance with law.  Title 5 U.S.C. § 706 also provides for review and judicial protection from agency acts contrary to constitutional right, power, privilege, or immunity.  Agency acts in excess of statutory jurisdiction, authority, or limitations, or short of statutory

---

[10]  **5 U.S. Code § 551**
(1)  "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—
   (A)  the Congress;
   (B)  the courts of the United States;
   (C)  the governments of the territories or possessions of the United States;
   (D)  the government of the District of Columbia;
   (E)  or except as to the requirements of section 552 of this title—
   (F)  agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
   (G)  courts martial and military commissions;
   (H)  military authority exercised in the field in time of war or in occupied territory; or
   (I)  functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; subchapter II of chapter 471 of title 49; or sections 1884, 1891–1902, and former section 1641 (b)(2), of title 50, appendix;

COMPLAINT                                      - 12 -

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

right must be held unlawful or set aside. And finally the court must review, hold unlawful, and set aside acts committed without observance of procedure required by law.  This case is ripe for adjudication because Plaintiffs have tried all other administrative means and have suffered actual financial damages by the arbitrary, capricious and unauthorized acts of the employees of the IRS and from actions withheld by the Secretary.

## DETAILED STATUTORY AND REGULATORY BACKGROUND

### A.  Misapplication of 26 U.S.C. § 6702 to Impose Large Monetary Penalties

16.   As mentioned in Step One of the scheme, paragraph 5 (a) above, the IRS applied 26 U.S.C. § 6702 against the Plaintiffs not in accordance with law.  If the IRS had adhered to the provisions of section 6702 there would be no legal basis for any levy actions against Plaintiffs' property.   Section 6702 applies to a specific category of statutory "person," as defined by Congress at 26 U.S.C. § 6671. If someone falls within this category, the IRS is authorized to impose monetary penalties under certain conditions.  Excerpts from section 6702 show that civil penalties are imposed upon this "person" as follows,

**§ 6702. Frivolous tax submissions**

**(a) Civil penalty for frivolous tax returns**
A **person** shall pay a penalty of $5,000 if—
(1) such **person** files what purports to be a return of a tax imposed by this title but which—
(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
(B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
(2) the conduct referred to in paragraph (1)(A) is based on a position which the Secretary has identified as frivolous under subsection (c), or
(B) reflects a desire to delay or impede the administration of Federal tax laws.

**(b) Civil penalty for specified frivolous submissions**
**(1) Imposition of penalty**
Except as provided in paragraph (3), any **person** who submits a specified frivolous submission shall pay a penalty of $5,000. [emphasis added]

COMPLAINT                                     - 13 -                            Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

26 U.S.C. § 6702 is located in Title 26 U.S.C. at Subtitle F, Chapter 68, Subchapter B. Subchapter B includes § 6671 through § 6720C.   § 6671 is controlling as to what class of "person" the Subchapter applies to by defining the term "person" as used in Subchapter B.

**§ 6671. Rules for application of assessable penalties**

**(a) Penalty assessed as tax**
The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

(b) Person defined
The term "**person**", as used in this subchapter, **includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member** is under a duty to perform the act in respect of which the violation occurs. [emphasis added]

As the Plaintiffs deny at all times material they were or are the person defined under the rules for application of assessable penalties, section 6702 does not apply to them.   Therefore, all penalties assessed by the IRS have not been in accordance with law and must be set aside by this Court. As the Court can clearly see the entire Subchapter B, including § 6702 as utilized by the IRS, is intended for application of penalties against businesses, corporations and their officers. The Plaintiffs are not the "persons" defined by Congress that are subject to penalties under § 6702 and never have been, even from the beginning of the Act that the present day section 6671(b) originates from.

17.   The present day 26 U.S.C. § 6671(b) "Person defined" originates from the Revenue Act of February 26, 1926, Section 1114. The 1926 Act was incorporated and codified into the 1939 codification of the revenue laws at §§ 1718(d), 1821(a)(4), 2557(b)(4) and 2707(a) and then brought forward in 1954 as § 6671. All of the 1939 code sections mentioned here, according to the 1939 Derivation Table A, are derived from § 1114 of the Revenue Act of

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

February 26, 1926.  At § 1114 (d) (1926) Congress excepted income tax and estate tax from the penalty section, and at § 1114 (f) (1926) Congress defined "person" as used in § 1114 (1926) with the same verbiage as used in the current § 6671(b).  Therefore, unless the IRS has proof that the Plaintiffs are officers or employees of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect to which the violation occurs, the IRS has assessed penalties not in accordance with law and in excess of statutory authority.  Absent proof, those assessments and all the property seized, interest and other penalties that resulted from the assessments must be set aside by the Court.

## B.  Failure of the Secretary to Publish Regulations as Required by § 6702 (c)

18.    Congress has charged the Secretary with the duty to "prescribe a list" of frivolous positions in § 6702 (c) as follows,

**(c) Listing of frivolous positions**

The Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has identified as being frivolous for purposes of this subsection. The Secretary shall not include in such list any position that the Secretary determines meets the requirement of section 6662(d)(2)(B)(ii)(II).

First, there appears to be no published regulations associated with § 6702.  Therefore, pursuant of 26 CFR § 601.702 (a)(2)(ii), the Plaintiffs shall not be adversely affected as follows,

(ii) Effect of **failure to publish**. Except to the extent that a person has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the Federal Register, such person is not required in any manner to resort to, **or be adversely affected by, such matter if it is not so published** or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section. Thus, for example, any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights. [emphasis added]

COMPLAINT                                         - 15 -                      Gary & Karen Fujita
                                                                             113 32nd Ave. East
                                                                             Seattle, Washington  98112
                                                                             (206) 601-7946

Second, <u>there also appears to be no "list of positions" published in the Code of Federal Regulations,</u> a required duty of the Secretary under § 6702 (c).   Yet the IRS has, without authorized legal foundation or authority, used this section of the code to impose large monetary penalties upon the Plaintiffs.   This <u>*failure of the Secretary to furnish an actual list of frivolous positions* has contributed to individual IRS employees running amok and handing out unauthorized penalties at will.</u>   This unauthorized imposition of large monetary penalties is outside statutory authority, an abuse of discretion, arbitrary and capricious and this Court must set aside all penalties imposed in this manner.   In fact, based on the plain language of the statutes mentioned above, the IRS is barred by the very words of the statutes and regulations from applying § 6702 against the Plaintiffs.

## C.  Misapplication of 26 U.S.C. § 6331 Cited as Authority to Seize Property

19.   In <u>Step Three</u> of the scheme, paragraph 5 (c) above, subsequent to the unauthorized civil penalties imposed upon Plaintiffs by way of § 6702 and which remained unsatisfied, the IRS utilized third party custodians to seize Plaintiffs' property purportedly under the authority of 26 U.S.C § 6331.   The Levy Notice mailed by the IRS to third party custodians of Plaintiffs' earnings and other property contains portions or "excerpts" of the text of section 6331, but not the entire section.   For example, *See* **Exhibit B** which contains a copy of a Levy Notice from 1997 and one from 2013 sent to Plaintiffs by the IRS.   Every Levy Notice used to seize Plaintiffs' earnings by the IRS has been in this format.   Exhibit B clearly shows that subparagraph "a" is not shown simply because the information contained within that subparagraph plainly *excludes* the Plaintiffs from the population of persons whose property the custodian is allegedly required to transfer to the IRS as follows,

**§ 6331. Levy and distraint**

COMPLAINT                                      - 16 -                          Gary & Karen Fujita
                                                                              113 32nd Ave. East
                                                                              Seattle, Washington  98112
                                                                              (206) 601-7946

**(a) Authority of Secretary**

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. **Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia**, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in **jeopardy**, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section. [emphasis added]

Subparagraph "a" informs the custodian exactly <u>who</u> can have their earnings seized by the government. All of the Plaintiffs' past and current employers would have been well within the letter and spirit of the law to ignore the IRS demands since neither of the Plaintiffs fall within the category of person specified in subparagraph "a." This is an obvious case of the IRS seizing private property from the Plaintiffs not in accordance with law and in excess of statutory authority. The use of § 6331 against the Plaintiffs is clearly and plainly contrary to the purpose of the statute.

**D. Legislative History of 26 U.S.C. § 6331 Reveals Application of the Statute**

20.     The current 26 U.S.C. § 6331 was derived from the 1954 code, which was derived from Sections 3310, **3660**, 3690, 3692, and 3700 of the 1939 Code (*Joint Committee on Taxation, Derivations of Code Sections of the 1939 and 1954 code, 1992, U.S. Govt.*). 26 U.S.C. § 6331 was codified at § 3660 in the 1939 Internal Revenue Code as follows,

**SEC. 3660. JEOPARDY ASSESSMENT.**

(a) If the Commissioner believes that the collection of any tax **(other than income tax, estate tax, and gift tax)** under any provision of the internal-revenue laws will be jeopardized by delay, he shall, whether or not the time otherwise prescribed by law for making return and paying such tax has expired, immediately assess such tax (together with all interest and penalties the assessment of which is provided for by law). Such tax, penalties, and interest

shall thereupon become immediately due and payable, and immediate notice and demand shall be made by the collector for the payment thereof. Upon failure or refusal to pay such tax, penalty, and interest, collection thereof by distraint shall be lawful without regard to the period prescribed in section 3690. [Emphasis added]

The actual Statute at Large enacted by Congress indicates Congressional intent as to which taxes were governed by said statutes and was enacted on July 13, 1866 and refers with great specificity only to taxes on cotton, certain manufacturing taxes, and distilled spirits. (*See* Revised Statutes, Volume 14, Chap. 184). Congress has not amended the Statutes at Large to this date to make any change as to the species of tax originally set out in the enacted statute in 1866. Therefore, the original intent of Congress has not changed. When this fact is combined with the fact that the Secretary has recognized the actual congressional intent of section 6331 and complied with The Federal Register Act (*5 U.S.C § 552*), the Secretary published regulations for enforcement of section 6331 under Title 27 Part 70 (*27 CFR Part 70 – Alcohol, Tobacco products and Firearms ("ATF")*). Those particular regulations clearly do not apply to income tax, estate tax or gift tax. In fact 26 U.S.C. § 6331 through § 6343 includes the entire body of law that the IRS utilizes to seize all property. However, sections 6331 through 6343 are governed by regulations published in Title 27, not Title 26.

21. The IRS business model is operating against the Plaintiffs completely outside the law as set forth by Congress. The Plaintiffs at all times material are not and have not been involved in any ATF, excise tax, or manufacturing activities that would authorize the use of section 6331 against them. Plaintiffs have noticed the IRS of this fact but employees within the agency have chosen to ignore the facts and move ahead with seizing Plaintiffs property not in accordance with law and in excess of statutory authority in defiance of regulations published by the Secretary. Congress is deemed to know how to write the law and the Court is bound to take

COMPLAINT                                   - 18 -                              Gary & Karen Fujita
                                                                                113 32nd Ave. East
                                                                                Seattle, Washington 98112
                                                                                (206) 601-7946

judicial notice of the Statutes at Large and the regulations published by the Secretary. Therefore, these acts committed by employees of the IRS must be set aside by the Court.

### E. Twenty-five Actions Unlawfully Withheld From Plaintiffs by the United States Due to the Failure of the Secretary Resulting in Denial of Constitutional Due Process

22.    In <u>Step Four</u> of the scheme, paragraph 5 (d) above, the Attorney General or his delegate, at the request of the Secretary, is required to initiate a timely civil forfeiture proceeding following the administrative seizure of property.  The United States via the Attorney General has withheld this from the Plaintiffs twenty-five separate times due to the failure of the Secretary to request it.   It is well settled jurisprudence in this country that administrative governmental seizures of citizens' property, for whatever reason, must be *timely* followed by judicial proceedings to determine ownership rights of the seized property.  The Secretary failed to comply with the statutory requirement to turn the alleged tax lien into a judgment from a district court, either before or after the seizure, by failing to request the United States initiate a lien-foreclosure suit against Plaintiffs.   Defendant Secretary of the Treasury, the *ultimate supervisor* of all IRS employees has been for years allowing IRS employees to ignore the statutory requirements required to enforce a tax lien, *See* 26 U.S.C. § 7403, which states,

**§7403 Action to enforce lien or to subject property to payment of tax.**

(a) Filing.

In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under <u>section 6166(g)</u> shall be treated as a neglect to pay tax. [emphasis added]

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

The Secretary, in order to comply with 26 CFR 601.702 (*Publication, public inspection, and specific requests for records.*), did publish 26 CFR 301.7403-1 (*Action to enforce lien or to subject property to payment of tax.*) in order that the government has proper authority to initiate civil actions in a district court of the United States.   Therefore, based upon § 7403 and its associated regulations, whenever the IRS wishes to enforce ANY tax lien against ANY property and there has been a refusal or neglect to pay ANY tax, an action may be filed into a district court of the United States.   The use of the word "may" in the statute and regulation relieves the government from enforcement of every tax lien if it so chooses. This statute is completely in line with American jurisprudence that requires that before property of a citizen is to be *forfeited* to the government, that citizen must be afforded Fifth Amendment due process.   Because a civil action has never been instituted by the United States regarding Plaintiffs' seized property, ownership rights to the property remain unadjudicated.

23.   As previously stated, the IRS depends on the authority of 26 U.S.C. § 6331 to seize property and is legal if the property itself is involved in an activity authorized by Congress (ATF).   However, unless and only if the Secretary has promulgated regulations to enforce the statutes, section 6331 has no force and effect of law.   The courts have ruled that § 6331 is needed to protect the Treasury of the United States, a fact which the Plaintiffs do not dispute. However, the Supreme Court, in *United States v. National Bank of Commerce* <u>472 U.S. 713 (1985)</u>, clearly determined that the administrative seizure allowed under § 6331 was a "provisional remedy" while the lien-foreclosure suit required under § 7403 was a "plenary action." *United States v. National Bank of Commerce,* supra, states;

"The administrative levy has been aptly described as a "**provisional remedy**."4 Bittker, para, 111.5.5, at 111-108.   In contrast to the lien-foreclosure suit, **the levy does not determine whether the Governments rights to the seized property are superior to those of other**

claimants; it, however, does protect the Government against diversion or loss while such claims are being resolved." [emphasis added]

*United States v. National Bank of Commerce supra* further states;

"A federal tax lien, however is not self-executing. Affirmative action by the IRS is required to enforce collection of the unpaid taxes. The Internal Revenue Code provides two principal tools for the purpose. The first is the lien-foreclosure suit. Section 7403(a) authorizes the institution of a civil action in federal district court to enforce a lien "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax." Section 7403(b) provides: "All persons having lien upon or claiming any interest in the property involved in such action shall be made parties thereto" the suit is a plenary action in which the court "shall … adjudicate all matters involved therein and finally determine the merits of all claims to and lien upon the property." § 7403(c). See generally United States v. Rodgers, 461 U.S. 677, 680-682 (1983). The second tool is the collection of the unpaid tax by administrative levy. The levy is a provisional remedy and typically "does not require any judicial intervention." Id. At 682. The governing statute is § 6331(a). See n. 1 supra. It authorizes collection of the tax by levy, which, by § 6331(b), "includes the power of distraint and seizure by any means."" [emphasis added]

Black's Law 6th edition defines a "**provisional remedy**" as

"A remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency. Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending. Such include the remedies of injunction, appointment of a receiver, attachment, or arrest." [emphasis added]

Black's Law 6th edition defines "**affirmative**" as

"That which declares positively; that which avers a fact to be true; that which establishes; the opposite of negative."

Black's Law 6th edition defines "**plenary action**" as

"A complete and formal hearing or trial on the merits as distinguished from a summary hearing which is commonly less strict and more informal. May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870."

24.    The Supreme Court clearly mandated that "affirmative action" is required to enforce collection of unpaid taxes. This affirmative action is the same plenary action referred to in *United States v. National Bank of Commerce,* supra, and authorized by § 7403. That plenary action is required by § 7403 and was denied the Plaintiffs twenty-five separate times. Plaintiffs allege that this action was denied them solely because it would become obvious that the scheme

utilized by the IRS was not applicable to the Plaintiffs.  The Secretary, as plaintiff in a civil suit, bears the burden to prove that the Plaintiffs were involved in such regulated activities as set forth by Congress.  This insurmountable burden explains why it is clearly in the interest of all named Defendants to withhold this action from Plaintiffs as long as possible and hopefully forever.  At the end of the day, it should be clear to this Court that the Defendants have effectuated an impermissible taking of Plaintiffs' property in violation of Plaintiffs' Fifth Amendment right to Due Process and section 7403 resulting in unreasonably delayed and capricious agency action, not authorized by law.  Therefore, this Court must set aside all seizures resulting from this scheme under 5 U.S.C. § 706.

25.    Furthermore, the failure of the United States to perfect forfeiture at the behest of the Secretary operates as a constitutionally deficient notice of an administrative forfeiture and other courts have generally voided such actions and remanded for further proceedings; *United States v. Marolf*, 173 F.3d 1213 (9th Cir. 04/12/1999)

> "Where the government provides constitutionally deficient notice of an administrative forfeiture, other courts of appeals have generally voided such actions and remanded for further proceedings. See, eg., *Muhammend v. DEA, Asset Forfeiture Unit*, 92 F.3d 648, 654(8th Cir, 1996); *Barrera Montenegro v. United States*, 74 F.3d 657, 661(5th Cir. 1996); *United States v. Giraldo*, 45 F.3d 509, 512 (1st Cir. 1995).  We have already held that a district court retains equitable jurisdiction to adjudicate claims of inadequate notice of administrative forfeitures. See *United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir. 1993) ; see also *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1102-03 (9th Cir. 1990) (district court had jurisdiction over due process attack on administrative forfeiture under 28 U.S.C. § 1331); *United States v. Ten Thousand Dollars ($10,000) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988) (accidental, fraudulent, or improper removal of property will not extinguish district court's in rem jurisdiction).  We therefore affirm the district court's ruling that a constitutionally deficient notice of forfeiture renders such a forfeiture void." *United States v. Marolf*, 973 F. Supp 1139 at 1148 (C. D. Cal. 1997).

**F. Failure to Institute Forfeiture Proceedings Relieves Plaintiffs From Time Constraints**

26.   No proper forfeiture on the part of the United States due to the failure of the Secretary as stated above operates to relieve the Plaintiffs from any statutory clock operating against them.  See - *Lawrence Leroy Ramsey v. United States*, 9th Cir No. 18861, 329 F.2d 432 (March 16, 1964)

> "There having been no proper forfeiture of the weapons proved, there was, on the record before us, no failure of the appellant to reasonably act to claim his rights, and no deadline affecting him was created by statute."

The tax laws of the United States have never supported a purely administrative seizure and forfeiture of property without notice of forfeiture and judicial oversight, if desired.   With regards to Plaintiffs, the United States has failed and refused to institute a lien foreclosure suit to enforce any purported liens of the United States.   None of the property seized by the IRS was authorized by any judicial action or court order and was therefore an illegal taking has occurred pursuant to 26 U.S.C § 7403 and the Fifth Article of Amendment.

**G. 26 CFR 601.105 Office Interview Withheld From Plaintiffs By the IRS**

27.   In late December 2013, regarding tax period 2010, the Memphis Tennessee IRS office mailed a "NOTICE OF DEFICIENCY" to the Plaintiffs stating that there was a deficiency in their "income tax."  Pursuant of 26 CFR 601.105(b)

> "(2) Office examination -  (i) *Adjustments by Examination Division at service center.* Certain individual income tax returns identified as containing potential unallowable items are examined by Examination Divisions at regional service centers. Correspondence examination techniques are used. **If the taxpayer requests an interview** to discuss the proposed adjustments, the case is transferred to the taxpayer's district office. If the taxpayer does not agree to proposed adjustments, regular appellate procedures apply." [emphasis added]

Plaintiffs requested an office interview/examination in late February 2014 and again on two subsequent occasions.   The IRS has never responded to this request and has withheld the

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

interview from Plaintiffs.  The failure of the IRS to comply with this regulation is an action

unlawfully withheld from Plaintiffs and this Court must compel the action.

## **STATEMENT OF FACTS SUPPORTED BY EXHIBIT "C"**

28.   **Exhibit C** contains seventeen years of facts in support of this cause of action with

regards to either withheld agency action or illegal acts performed by IRS employees against the

Plaintiffs.  The exhibit covers the period from April 1997 to the current date and is mostly

indicative of where and when each lien notice was filed and details regarding each levy.  What

is not shown in this exhibit is any mention of a forfeiture action commenced by the United

States against Plaintiffs because there isn't one to report on.

29.   Between **December 5, 2002 and September 23, 2014 <u>thirteen</u>** IRS "Notices of

**Federal Tax Lien**" totaling **$374,375.03** have been filed in the public record in an attempt to

collect from third parties.  The IRS has fraudulently clouded the title of Plaintiffs' property

which has operated as a series of constructive seizures that carry no notice of due process. Every

single notice alleges a "kind of tax" as "1040" or "civil penalty," as follows,

| | | | |
|---|---|---|---|
| a. | 12/5/2002 | - | $38,741.14 |
| b. | 12/5/2002 | - | $5,554.75 |
| c. | 11/10/2004 | - | $7,857.59 |
| d. | 2/29/2008 | - | $3,499.06 |
| e. | 2/29/2008 | - | $21,040.44 |
| f. | 1/12/2010 | - | $26,209.42 |
| g. | 7/26/2010 | - | $75,053.99 |
| h. | 7/27/2010 | - | $51,392.76 |
| i. | 5/16/2011 | - | $25,524.00 |
| j. | 6/15/2011 | - | $11,952.41 |
| k. | 8/26/2011 | - | $55,038.50 |
| l. | 8/2/2012 | - | $41,231.02 |
| m. | 9/23/2014 | - | $11,279.95 |

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

30.   Between **April 25, 1997 and May 23, 2013** Defendant IRS executed **twenty-five illegal seizures** of Plaintiffs' property for a grand total of **$138,756.74** as follows,

| | | |
|---|---|---|
| a. | 4/16/1997 - | $510.21 |
| b. | 4/25/1997 - | $510.21 |
| c. | 7/22/1997 - | $1,575.84 |
| d. | 8/8/1997 - | $1,575.84 |
| e. | 12/9/1997 - | $1,628.34 |
| f. | 11/1/2004 - | $69,256.42 |
| g. | 7/26/2007 - | $1,623.12 |
| h. | 10/3/2011 - | $246.84 |
| i. | 7/27/2012 - | $5,684.74 |
| j. | 9/27/2012 - | $2,798.26 |
| k. | 10/11/2012 - | $2,798.46 |
| l. | 10/25/2012 - | $2,798.18 |
| m. | 11/8/2012 - | $2,798.34 |
| n. | 11/19/2012 - | $4,262.45 |
| o. | 11/21/2012 - | $2,955.06 |
| p. | 12/6/2012 - | $2,987.04 |
| q. | 12/20/2012 - | $2,649.16 |
| r. | 1/3/2013 - | $2,442.56 |
| s. | 1/17/2013 - | $2,441.99 |
| t. | 1/31/2013 - | $2,432.50 |
| u. | 2/14/2013 - | $2,453.49 |
| v. | 2/28/2013 - | $ 7,275.05 |
| w. | 3/14/2013 - | $2,453.65 |
| x. | 3/28/2013 - | $2,519.91 |
| y. | 4/11/2013 - | $2,519.89 |
| z. | 4/25/2013 - | $2,519.73 |
| aa. | 5/9/2013 - | $2,519.73 |
| bb. | 5/23/2013 - | $2,519.73 |

31.   Between **April 25, 1997 and May 23, 2013** there have been **zero lien-foreclosure suits** initiated by the United States against the Plaintiffs with regards to all the property seized by the IRS.

## **CONCLUSION**

32.   The conclusion to this cause of action is quite simple.   The Defendants, with regards to Gary and Karen Fujita, have been conducting its business model completely outside the statutory scheme as set forth by Congress and the applicable Treasury regulations.   Congress determined what "persons" 26 U.S.C. § 6702 could be legally applied against.   Congress set forth what kind of activity 26 U.S.C. § 6331 could be utilized against and Congress set forth the Due Process procedures to be allowed to the Plaintiffs in the event of the enforcement of a federal tax lien.   None of these procedures have been followed by the IRS or the Secretary with reference to the Plaintiffs.   This action is being brought by Plaintiffs because the IRS has

knowingly and intentionally misapplied § 6702 outside the authority conferred by the statute. The IRS has misapplied § 6331 in at least two ways against the Plaintiffs, and the IRS has seized property from the Plaintiffs on twenty-five separate occasions by failing to comply with the statutory mandate of Congress at 26 U.S.C. § 7403 when enforcing a federal tax lien.  The IRS has also constructively seized Plaintiffs' property and slandered their character and credit worthiness by filing false or defective documents in the public record thirteen times.

33.    Absent witnessing a crime, there are no laws that allow some administrative bureaucrat, on his own authority, and without judicial oversight to seize property from a Citizen of the United States of America which includes the Plaintiffs.  Therefore, Plaintiffs claim that the IRS, an agency of the United States, and its individual employees did exceed the statutory authority granted by § 6702 and § 6331 and intentionally withheld an action required by regulations.  The Plaintiffs also claim that the Secretary failed to administer required regulations and withheld an agency action required by § 7403 which operates to violate the Plaintiffs' right to administrative due process and legal due process.  The question now is whether or not this Court takes judicial notice of the Statutes of Congress designed to secure due process for the Plaintiffs, the regulations published by the Secretary of the Treasury and the Constitution of the United States of America or does this Court bow to the obviously out of control agency, the Internal Revenue Service?  The acts complained of herein have frustrated the very right of due process secured by the Plaintiffs pursuant of 26 U.S.C. § 7403, the Fifth Amendment to the Constitution and must be set aside by the Court (5 U.S.C. § 706).

//

//

COMPLAINT                                         - 26 -                    Gary & Karen Fujita
                                                                            113 32nd Ave. East
                                                                       Seattle, Washington  98112
                                                                            (206) 601-7946

# CLAIMS

## COUNT I

### Violation of 26 U.S.C. § 6702

34.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

35.   Plaintiffs claim that the IRS misapplied 26 U.S.C. § 6702 against them and caused $166,301.49 of unauthorized tax liabilities to be assessed against them.

## COUNT II

### Violation of 26 U.S.C. § 6331

36.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

37.   Plaintiffs claim that the IRS misapplied 26 U.S.C. § 6331 against them in order to illegally seize Plaintiffs' property in the amount of $138,756.74.

## COUNT III

### Violations of 26 CFR 601.105(b)(2)(i)

38.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

39.   The IRS has denied to Plaintiffs the hearing they requested under the authority of 26 CFR 601.105(b)(2)(i).  Plaintiffs have requested this hearing three times over a time span of ten months and the IRS has denied the Plaintiffs an agency action by continually refusing to comply with the Treasury Regulations.

## COUNT IV

### Failure of the Secretary to Publish Regulations as Required by 26 U.S.C. § 6702 (c)

40.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

---

COMPLAINT                                    - 27 -                      Gary & Karen Fujita
                                                                        113 32nd Ave. East
                                                                        Seattle, Washington  98112
                                                                        (206) 601-7946

41.   The failure of the Secretary to publish regulations as required by 26 U.S.C. § 6702 (c) has led to the IRS attaching penalties to the Plaintiffs for which there are no regulations in support.

## COUNT V

### Violations of 26 U.S.C. § 7403

42.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

43.   The Secretary has failed to comply with the requirements of 26 U.S.C. § 7403 twenty-five times and allowed the IRS to seize property from Plaintiffs outside the statutory requirements and procedures of the law when enforcing a purported federal tax lien.

## COUNT VI

### Slander of Character and Credit Worthiness

44.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

45.   The IRS, by submitting documents for public filing at the State level that were administratively generated and lack acknowledgment and proof that the Plaintiffs received due process (failed to meet the requirements of § 7403), has violated (UCC false utterance) and slandered the Plaintiffs' character and credit worthiness.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for relief and judgment against the Defendants, as follows:

1)   An order setting aside the civil penalties assessed under 26 U.S.C § 6702 and payment of interest associated with such seizures of said penalties;

COMPLAINT                                    - 28 -                          Gary & Karen Fujita
                                                                             113 32nd Ave. East
                                                                             Seattle, Washington  98112
                                                                             (206) 601-7946

2)  An order from the Court ordering the return of property seized from the Plaintiffs' employers by way of 26 U.S.C. § 6331;

3)  An Order from the Court ordering the IRS to comply with 26 CFR 601.105(b)(2)(i) and provide for the hearing requested;

4)  An Order from the Court ordering the return of all property including interest that was taken by the enforcement of any purported tax liens where the procedures used did not comply with the statutory requirements of 26 U.S.C. § 7403;

5)  An Order from the Court ordering the IRS to give the Plaintiffs an accurate and binding accounting of their tax obligations and allow the appeals process if necessary;

6)  An Order from the Court that Defendants pay the expenses of this action and any future expenses that will be incurred by Plaintiffs necessary to comply with the actions of the IRS that should have already been completed by the IRS;

7)  An Order ordering the IRS to remove all "Notices of Federal Tax Lien" lodged against either or both of the Plaintiffs filed at the county level that have been filed without notice of a court proceeding as required by 26 U.S.C. § 7403;

8)  Award any relief as the Court may deem just and proper under these egregious circumstances, including any costs or fees to which Plaintiffs may be entitled by law.

//

//

//

//

//

//

COMPLAINT

- 29 -

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

//

Dated: October ___30th___, 2014        Respectfully submitted,

Gary Fujita
113 32nd Avenue East
Seattle, Washington 98112
 (206) 322-1858
gary.n.fujita@boeing.com

Karen Fujita
113 32nd Avenue East
Seattle, Washington 98112
 (206) 601-7946
karenfujita@msn.com

COMPLAINT                                    - 30 -

# EXHIBIT A

## Affidavit of Gary Fujita in Support of Complaint

State of Washington   )
                       )  ss.
County of King         )

I, Gary Fujita, being duly sworn, state on my oath that:

1.  I am one of the Plaintiffs in this matter.

2.  I have firsthand knowledge of the facts in this matter.

3.  At all times material, I have resided within the Western District of Washington.

4.  At all times material, I have never knowingly made any election to be regarded as residing any place other than within the geographical boundaries of the State of Washington.

5.  I do not, to my knowledge, reside on any federal reservation or within any federal area.

6.  I do not reside "in this state" as defined by Washington law.

7.  I have never knowingly made any political election to be regarded as anything other than a Washingtonian.

8.  I have never knowingly agreed to be recognized in any other capacity than that of a man.

9.  I have never knowingly participated in any federally regulated or taxable activity.

10. I have never received any NOTICE that I was involved in any federally regulated or taxable activity.

11. I am not now, nor at any time relevant, been an employee of the Federal Government or any subdivision of the Federal Government.

12. I have only worked and received compensation as a private worker in private industry.

13. I have had my private property seized by employees of the Internal Revenue Service 23 times within the Western District of Washington.

14. I own all right, title and interest to all my property that was seized by the IRS.

15. I have never had a pre-seizure hearing or a post-seizure hearing in any federal district court with regards to my property that was seized administratively by the Internal Revenue Service.

16. To my knowledge, I have never been sued by the United States.

Exhibit A
Affidavit of Gary Fujita          - 1 -

17. I have never received notice of any process pursuant to a garnishment proceeding issued by any United States District Court Clerk.

18. I have never been a defendant in a foreclosure suit filed by the United States.

19. I have been subject to "Notices of Federal Tax Lien" filed by the IRS in King County, State of Washington.

Done this day of ___29th___, October 2014 without the United States and within the United States of America, 28 U.S.C. 1746(1).

_____
                                   Signature of affiant

Sworn and subscribed before me on this _29th_ day of October 2014.

_____
Notary Public

_____
Printed Name

My commission expires: ___June 15, 2017___

Notary Public
State of Washington
AI KIM MENDOZA
My Appointment Expires Jun 15, 2017

Exhibit A
Affidavit of Gary Fujita          - 2 -

# EXHIBIT A

## Affidavit of Karen Fujita in Support of Complaint

State of Washington   )
                   ) ss.
County of King        )

I, Karen Fujita, being duly sworn, state on my oath that:

1. I am one of the Plaintiffs in this matter.
2. I have firsthand knowledge of the facts in this matter.
3. At all times material, I have resided within the Western District of Washington.
4. At all times material, I have never knowingly made any election to be regarded as residing any place other than within the geographical boundaries of the State of Washington.
5. I do not, to my knowledge, reside on any federal reservation or within any federal area.
6. I do not reside "in this state" as defined by Washington law.
7. I have never knowingly made any political election to be regarded as anything other than a Californian.
8. I have never knowingly agreed to be recognized in any other capacity than that of a woman.
9. I have never knowingly participated in any federally regulated or taxable activity.
10. I have never received any NOTICE that I was involved in any federally regulated or taxable activity.
11. I am not now nor have I ever been an employee of the Federal Government or any subdivision of the Federal Government.
12. I have only worked and received compensation as a private worker in private industry.
13. I have had my private property seized by employees of the Internal Revenue Service 6 times within the Western District of Washington.
14. I own all right, title and interest to all my property that was seized by the Internal Revenue Service.

Exhibit A
Affidavit of Karen Fujita             - 1 -

15. I have never had a pre-seizure hearing or a post-seizure hearing in any federal district court with regards to my property that was seized administratively by the Internal Revenue Service.

16. To my knowledge, I have never been sued by the United States.

17. I have never received notice of any process pursuant to a garnishment proceeding issued by any United States District Court Clerk.

18. I have never been a defendant in a foreclosure suit filed by the United States.

19. I have been subject to "Notices of Federal Tax Lien" filed by the Internal Revenue Service in King County, State of Washington.

Done this day of _29th_, October 2014 without the United States and within the United States of America, 28 U.S.C. 1746(1).

_____
                    Signature of affiant

Sworn and subscribed before me on this _29_ day of October 2014.

_____
Notary Public

_Sin Ting Leung_
Printed Name

My commission expires: _Nov 5, 2016_

Exhibit A
Affidavit of Karen Fujita                    - 2 -

Form 668-W(ICS)
(Rev. July 2002)

Department of the Treasury – Internal Revenue Service
## Notice of Levy on Wages, Salary, and Other Income

DATE: 03/11/2013

REPLY TO:   **Internal Revenue Service**
   **JOHN CURT**
   **915 SECOND AVENUE**
   **M/S W216**
   **SEATTLE, WA 98174-1009000**

TELEPHONE NUMBER
OF IRS OFFICE: **(206)220-6986**

NAME AND ADDRESS OF TAXPAYER:

**GARY N & KAREN K FUJITA**
**113 32ND AVE E**
**SEATTLE, WA 98112**

TO:   **BOEING COMPANY**
   **PAYROLL D802-0020**
   **2401 E WARDLOW RD**
   **LONG BEACH, CA 90807**

IDENTIFYING NUMBER(S): **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**

**FUJI**       **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**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2003 | $0.00 | $365.08 | $365.08 |
| 1040 | 12/31/2005 | $5,118.62 | $790.65 | $5,909.27 |
| 1040 | 12/31/2007 | $36,231.02 | $2,180.13 | $38,411.15 |
| 1040 | 12/31/2009 | $5,522.28 | $2,619.45 | $8,141.73 |
| CIVPEN | 12/31/1995 | $10,000.00 | $1,463.32 | $11,463.32 |
| CIVPEN | 12/31/1996 | $10,000.00 | $1,436.95 | $11,436.95 |
| CIVPEN | 12/31/2005 | $5,000.00 | $601.24 | $5,601.24 |
| CIVPEN | 12/31/2006 | $30,053.99 | $2,740.91 | $32,794.90 |
| CIVPEN | 12/31/2007 | $25,000.00 | $1,894.92 | $26,894.92 |
| | | | Total Amount Due   ⇒ | See page 2 |

We figured the interest and late payment penalty to __04/10/2013__

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

**Please see the back of Part 5 for instructions.**

| Signature of Service Representative | Title |
|---|---|
| **/S/ JOHN CURT** | **REVENUE OFFICER** |

**Part 2 –**   For Taxpayer       Catalog No. 35390F       www.irs.gov       Form 668-W(ICS) (7-2002)

Form 668-W(ICS)
(Rev. July 2002)

Department of the Treasury – Internal Revenue Service

## Notice of Levy on Wages, Salary, and Other Income

DATE: 03/11/2013

REPLY TO: **Internal Revenue Service**
**JOHN  CURT**
**915 SECOND AVENUE**
**M/S W216**
**SEATTLE, WA 98174-1009000**

TELEPHONE NUMBER
OF IRS OFFICE: **(206)220-6986**

NAME AND ADDRESS OF TAXPAYER:

**GARY N & KAREN K FUJITA**
**113 32ND AVE E**
**SEATTLE, WA 98112**

TO:    **BOEING COMPANY**
**PAYROLL D802-0020**
**2401 E WARDLOW RD**
**LONG BEACH, CA 90807**

IDENTIFYING NUMBER(S):   **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**

**FUJI**      **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**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12/31/2008 | $10,000.00 | $1,048.94 | $11,048.94 |
| CIVPEN | 12/31/2009 | $5,170.00 | $243.82 | $5,413.82 |
| 1040 | 12/31/2008 | $5633.00 | 2374.59 | $8007.59 |
| | | | Total Amount Due   ⇒ | $165,488.91 |

We figured the interest and late payment penalty to  **04/10/2013**

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount.  We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you.  This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to United States Treasury.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time for us to call you.

**Please see the back of Part 5 for instructions.**

| Signature of Service Representative | Title |
|---|---|
| **/S/  JOHN  CURT** | **REVENUE OFFICER** |

Part 2 –    For Taxpayer        Catalog No. 35390F    www.irs.gov        Form **668-W(ICS)** (7-2002)

**Excerpts from the Internal Revenue Code**

## Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

(e) Continuing Levy on Salary and Wages.—The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under Section 6343.

## Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date such levy is made (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

## Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property of the person subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

## Sec. 6334. PROPERTY EXEMPT FROM LEVY.

(a) Enumeration.—There shall be exempt from levy

(4) Unemployment benefits.—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

(6) Certain annuity and pension payments.—Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

(7) Workmen's compensation.— Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

(8) Judgments for support of minor children.— If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

(9) Minimum exemption for wages, salary and other income.- Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

(10) Certain service-connected disability payments.— Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under-
(A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
(B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

(11) Certain public assistance payments.— Any amount payable to an individual as a recipient of public assistance under-
(A) title IV or title XVI (relating to supplemental security income for the aged,

blind, and disabled) of the Social Security Act, or
(B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

(12) Assistance Under Job Training Partnership Act.— Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

(d) Exempt Amount of Wages, Salary, or Other Income.–

(1) Individuals on weekly basis.— In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt from levy under subsection (a) (9) shall be the exempt amount.

(2) Exempt Amount.— For purposes of paragraph (1), the term "exempt amount" means an amount equal to–
(A) the sum of–
(i) the standard deduction, and
(ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs divided by
(B) 52.
Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) Individuals on basis other than weekly.— In the case of any individual not described in paragraph (1), the amount of wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period (as determined under regulations prescribed by the Secretary) which is exempt from levy under subsection (a) (9) shall be an amount (determined under such regulations) which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if (during such period of time) he were paid or received such wages, salary and other income on a regular weekly basis.

## Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In General.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
(B) release of such levy will facilitate the collection of such liability,
(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–
(1) the specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES.–IF–
(1) any property has been levied upon, and
(2) the Secretary determines that–
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongfully levied upon, except that no interest shall be allowed under subsection (c).

Form **668-W(ICS)** (7-2002)

Form **668-W(c) (DO)**
(Rev. August 1994)

Department of the Treasury — Internal Revenue Service

## Notice of Levy on Wages, Salary, and Other Income

DATE: August 8, 1997   DISTRICT: Pacific Northwest

IRS ADDRESS:

Steve Lerner
915 2nd Ave N/S W216
Seattle, WA 98174

TELEPHONE NUMBER
OF IRS OFFICE: (206)220-54--

TO:

The Boeing Company
P.O.Box 3707
Seattle, WA 98124

NAME AND ADDRESS OF TAXPAYER:

Gary N. Fujita
113 32nd Ave E
Seattle, WA 98112

IDENTIFYING NUMBER(S):

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

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVIL PENALTY | 12-31-92 | 500.00 | 25.28 | 525.28 |
| CIVIL PENALTY | 12-31-93 | 500.00 | 25.28 | 525.28 |
| CIVIL PENALTY | 12-31-94 | 500.00 | 25.28 | 525.28 |
| | | | **Total Amount Due** ▶ | $1,575.84 |

We figured the interest and late payment penalty to August 29, 1997

Although we have told you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

This levy requires the person who received it to turn over to us: (1) your wages and salary that have been earned but not paid yet, as well as wages and salary you earn in the future until this levy is released, and (2) your other income that the person has now or is obligated to pay you. These are levied to the extent they are not exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

**Please see the back of Part 5 for instructions.**

Signature of Service Representative                          Title

Steve Lerner                          Revenue Offi

# Excerpts from the Internal Revenue Code

**Sec. 6331. Levy and Distraint**

**(a) Seizure and Sale of Property.—** [text largely illegible] ... The term levy ... includes the power or of distraint ... seizure by any means. Except ... as ... otherwise provided in subsection (e) any ... the exception any of property possessed ... at ... that date, and any existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property ...

**Successive Seizures.—** ... may seize any property or right to property upon which there is a levy ... as often as may be ... such property ...

**(e) Continuing Levy on Salary and Wages.—** The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is ... made until such levy is released ...

**Sec. 6332. Surrender of Property Subject to Levy**

**(a) Requirement.—** ... otherwise provided in this section, ... any person in possession of ... subject to levy, upon which a levy has been made shall, upon demand of the Secretary, surrender such property ...

**(d) Enforcement of Levy.—**

**(1) Extent of personal liability.—** ... fails or refuses to surrender any property ... subject to levy, upon demand of the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property ... not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such amount ... from the date of such levy ...

**(2) Penalty for violation.—** In addition to ... personal liability imposed by paragraph (1), if any person required to surrender property ... to property fails or refuses to surrender such property ... such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall ...

**(e) Effect of honoring levy.—** Any person in possession of ... obligated with respect to property ... who upon demand by the Secretary, surrenders such property ... to the delinquent taxpayer any ... property arising from such surrender or payment.

**Sec. 6333. Production of Books.**

If a levy has been made ... any person having custody or control of any books or records containing evidence or statements relating to the property ... subject to levy ... shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

**Sec. 6334. Property Exempt From Levy**

**(a) Enumeration.—** There shall be exempt from levy—

**(4) Unemployment benefits.—** Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or the Commonwealth of Puerto Rico.

**(6) Certain annuity and pension payments.—** Annuity or pension payments under the Railroad Retirement Act, ... pension ... Retirement ... Act, ... under the ... Insurance Act, benefits under the ... and annuities based on retirement or retainer pay under chapter 73 of title 10 of the United States Code.

**(7) Workmen's compensation.—** ... any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

**(8) Judgments for support of minor children.—** If the taxpayer is required by judgment of a court of competent jurisdiction ... on or before the date of levy, to contribute to the support of his minor children, ... salary, wages or other income as is necessary to comply with such judgment.

**(9) Minimum exemption for wages, salary and other income.—** Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, unless the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount ...

**(10) Certain service-connected disability payments.—** Any amount payable ...

title 38. United States Code disability benefit under—

**(A)** subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
**(B)** Chapter 13, 21, 23, 31, 32, 34, 35, 37, 39, or 41 of such title 38.

**(11) Certain Public Assistance Payments.—** Any amount payable to an individual as a recipient of public assistance under—

to supplemental security income for the aged, blind, and disabled of the Social Security Act, or

**(B)** State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

**(12) Assistance Under Job Training Partnership Act.—** Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated under such Act.

**(d) Exempt Amount of Wages, Salary, or Other Income—**

**(1) Individuals on weekly basis.—** In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt ... shall be the sum of such items as shall be exempt amount.

**(2) Exempt Amount.—** For purposes of paragraph (1), the term "exempt amount" means an amount equal to—

**(A)** the sum of—
   **(i)** the standard deduction, and
   **(ii)** the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs, divided by

**(3) ...**

Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were an individual filing a separate return with only 1 personal exemption.

**(3) Individuals on basis other than weekly.—** In the case of any individual not described in paragraph (1), the exempt amount ... as determined under ... regulations prescribed by the Secretary which shall ... from levy under such subsection the same amount exempt under such regulations ... that the case of an individual on a weekly basis.

**Sec. 6343. Authority to Release Levy and Return Property.**

**(a) Release of Levy and Notice of Release—**

**(1) In General.—** ... the Secretary shall release the levy ... any property or rights to property levied upon and shall promptly notify ... on which such levy was made (if any) that such levy has been released, if—

**(A)** the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

**(B)** release of such levy will facilitate the collection of such liability,

**(C)** the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

**(D)** the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

**(E)** the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

**(2) Expedited Determination on Certain Business property.—** In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

**(3) Subsequent Levy.—** The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

**(b) Return of Property.—** If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return—

**(1)** the specific property levied upon,

**(2)** ... or ...

... the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale ... pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such subsection or ... the amount received by the United States from the resale of such property.

**Applicable Sections of Internal Revenue Code**

6321.  Lien for taxes.
6322.  Period of lien.
6325.  Release of lien or discharge of property.
6331.  Levy and distraint.
6332.  Surrender of property subject to levy.
6333.  Production of books.
6334.  Property exempt from levy.
6343.  Authority to release levy and return property.
7426.  Civil actions by persons other than taxpayers.
7429.  Review of jeopardy Levy or Assessment Procedures.

For more information about ... please contact us at the phone number on the front of this form.

FORM 668-W(c) (DO)  (Rev. 8-94)   157031

# EXHIBIT C – FACTUAL BACKGROUND

1. <u>**1997 IRS Seizures.**</u>

a. For tax period **1996**, Steve Lerner ("Lerner") IRS revenue agent in the Seattle, Washington office, in April of 1997 and again on Jul. 22, 1997 via levy notices, absent court order, seized a total of **$2086.05** from Karen Fujita at the hands of two third parties, Washington Mutual Bank and the Seattle Center, allegedly for "kind of tax" **"CIVIL PENALTY."**

b. For tax periods **1992, 1993 and 1994**, Lerner on Aug. 8, 1997 and again on Dec. 9, 1997 via levy notices, absent court order, seized a total of **$3204.18** from Gary Fujita at the hands of a third party, the Boeing Company, allegedly for "kind of tax" **"CIVIL PENALTY."**

2. <u>**2002 "Notice of Federal Tax Lien" filings.**</u>

a. On Dec. 5, 2002 IRS employee L Duquette ("Duquette") for tax periods **1995 and 1996** filed a Notice of Federal Tax Lien in King County against Gary Fujita for "kind of tax" "1040" in the amount of **$38741.14** and a second notice against both Fujitas for tax period **1994** for "kind of tax" "1040" in the amount of **$5554.75**, for a total of **$44295.89**, essentially constructively seizing real property owned by the Fujitas.

b. Due to the constructive seizure of the Fujita's real property and the failure of Sung Park of Nationwide Tax Relief to accomplish the removal of the lien notices, the Fujitas, in the course of a mortgage refinance on Nov. 1, 2004 had **$69256.42** seized from them by the IRS, pursuant of the Duquette lien notices absent court order, at the hands of a third party, Metro Escrow, LLC.

c. On **Nov. 9, 2004** the IRS filed **"Certificate of Release of Federal Tax Lien"** in King County for tax periods **1994, 1995 and 1996**.

3. <u>**Notice of Federal Tax Lien for tax periods 1995 and 1996 filed in LA County, California.**</u>

a. The very next day, Nov. 10, 2004, after the release of federal tax lien for tax periods **1995 and 1996** were filed in King County, IRS employee Anna Hom ("Hom") filed a Notice of Federal Tax Lien in Los Angeles County, California, against Karen Fujita for "kind of tax" "1040" in the amount of **$7857.59**.

b. This filing was accidently discovered by Karen Fujita approximately one and a half years after the filing during a routine credit check. Karen Fujita was able to have the filing removed by the IRS after alerting them as to the filing of the bogus notice.

**EXHIBIT C – FACTUAL BACKGROUND**                                    **Page 1 of 5**

4. **2007 Levy Notices and Seizure for tax periods 1994, 1995 and 1996.**

a. Approximately three years after Metro Escrow LLC allegedly transferred to the IRS **$69256.42** for tax periods **1994, 1995 and 1996** and the IRS released the alleged lien notices from King County eight days later, Gary Fujita while working for the Boeing Company, received three "Notice of Levy on Wages, Salary and Other Income" for tax periods **1994, 1995 and 1996** from the IRS, all for "kind of tax" "**CIVPEN**" totaling **$4776.12**. The notices were issued by "ACS SUPPORT" IRS employee "R.M. Owen" out of the Cincinnati, Ohio office.

b. On Jul. 26, 2007 absent court order, **$1623.12** was seized from Gary Fujita by a third party, the Boeing Company, and allegedly turned over to the IRS.

5. **2008 Notice of Federal Tax Lien Filings.**

a. On Feb. 29, 2008 IRS employee R.A. Mitchell ("Mitchell") for Regina Owens ("Owens") of the Denver, Colorado office filed a Notice of Federal Tax Lien in King County against the Fujitas for tax period **2005** for "kind of tax" "1040" in the amount of **$3499.06** and a separate notice against Gary Fujita for tax period **2003** for "kind of tax" "1040" in the amount of **$21040.44**.

6. **2008 Seizure Against Karen Fujita for tax periods 1994, 1995 and 1996.**

a. On Jul. 21, 2008, for tax periods **1994, 1995 and 1996** IRS employee Owens of the Cincinnati, Ohio office via a levy notice, absent court order, seized **$1405.37** from Karen Fujita at the hands of a third party, Washington Mutual Bank, allegedly for "kind of tax" "**CIVPEN.**"

7. **2010 Notice of Federal Tax Lien Filings.**

a. IRS employee Mitchell for Michael W. Cox ("Cox") of the Seattle, Washington office, filed Notices of Federal Tax Lien in King County as follows:

1) On Jan. 12, 2010 as against Karen Fujita for tax periods **1994, 1995 and 1996** for "kind of tax" "**CIVP**" in the amount of **$26209.42**;

2) On Jul. 26, 2010 as against Gary Fujita for tax periods **1994, 1995, 1996, 2005, 2006, 2007 and 2008** for "kind of tax" "**CIVP**" in the amount of **$75053.99**;

3) On Jul. 27, 2010 as against the Fujitas for tax periods **2005 and 2008** for "kind of tax" "1040" in the amount of **$51392.76**.

8. **2011 Notice of Federal Tax Lien Filings.**

a. IRS employee John Curt ("Curt") of the Seattle, Washington office, filed Notices of Federal Tax Lien in King County as follows:

**EXHIBIT C – FACTUAL BACKGROUND**                                                                    **Page 2 of 5**

1) On May 16, 2011 as against Gary Fujita for tax period **2003** for "kind of tax" "1040" in the amount of **$25524.00**;

2) On Jun. 15, 2011 as against Gary Fujita for tax period **2009** for "kind of tax" "1040" in the amount of **$11952.41**.

b.   IRS employee Cox out of the Seattle, Washington office, filed a Notice of Federal Tax Lien in King County as follows:

1) On Aug. 26, 2011 as against Karen Fujita for tax periods **2005, 2006, 2007 and 2008** for "kind of tax" **"CIVP"** in the amount of **$55038.50**.

**9.   2011 Seizure Against Karen Fujita for tax periods 1994, 1995 and 1996.**

a.   On Oct. 4, 2011 for tax periods **1994, 1995 and 1996** an unidentified IRS employee in the Cincinnati, Ohio office via a levy notice, absent court order, seized **$246.84** from Karen Fujita at the hands of a third party, J.P. Morgan Chase, allegedly for "kind of tax" **"CIVP."**

**10. 2012 Seizures Against the Fujitas for tax periods 1995, 1996, 2003, 2005, 2006, 2007, 2008 and 2009.**

a.   On Jul. 23, 2012 for tax periods **2005 and 2009** IRS employee Curt via a levy notice, absent court order, seized **$5684.74** from Gary Fujita at the hands of a third party, JP Morgan Chase Bank N.A. allegedly for "kind of tax" "1040."

b.   On Aug. 20, 2012 IRS employee Curt sent a "Notice of Levy" to the Boeing Company against Gary Fujita for tax periods **2003, 2005, 2006, 2007, 2008 and 2009** allegedly for "kind of tax" **"CIVPEN"** and "1040" in the amount of **$124490.52**.

c.   Between **Sept. 27, 2012 and Dec. 20, 2012** for tax periods **1995, 1996, 2003, 2005, 2006, 2007, 2008 and 2009** IRS employee Curt via a levy notice, absent court order, seized **$19784.50** from Gary Fujita at the hands of a third party, the Boeing Company, allegedly for "kind of tax" **"CIVPEN"** and "1040."

d.   On Nov. 19, 2012 for tax periods **1995, 1996, 2003, 2005, 2006, 2007, 2008 and 2009** IRS employee Curt via a levy notice, absent court order, seized **$4262.45** from Gary Fujita at the hands of a third party, Assurity Life Insurance Company, allegedly for "kind of tax" **"CIVPEN"** and "1040."

**EXHIBIT C – FACTUAL BACKGROUND**                                    **Page 3 of 5**

**11. 2012 Notice of Federal Tax Lien Filing.**

    a.  On Aug. 2, 2012 IRS employee Curt filed a Notice of Federal Tax Lien in King County as against Gary Fujita for tax periods **2007 and 2009** for "kind of tax" "1040" and **"6702A"** in the amount of $41231.02.

**12. 2013 Seizures Against Gary Fujita for tax periods 1995, 1996, 2003, 2005, 2006, 2007, 2008 and 2009.**

    a.  Between Jan. 3, 2013 and May 23, 2013 for tax periods **1995, 1996, 2003, 2005, 2006, 2007, 2008 and 2009** IRS employee Curt via a levy notice, absent court order, seized **$32098.38** from Gary Fujita at the hands of a third party, the Boeing Company, allegedly for "kind of tax" **"CIVPEN"** and "1040."

**13. 2013 Levy Notice against the Fujitas to the Boeing Company for tax periods 1995, 1996, 2003, 2005, 2006, 2007, 2008 and 2009.**

    a.  On Mar. 11, 2013 IRS employee Curt sent a "Notice of Levy on Wages, Salary and Other Income" to the Boeing Company for tax periods **1995, 1996, 2003, 2005, 2007, 2008 and 2009** for "kind of tax" **"CIVPEN"** and "1040" totaling **$165488.91**.

**14. Tax period 2003.**

    a.  The Fujitas contracted with an attorney to prepare and file their form 1040 tax return. The attorney filed for an extension and the IRS received the filing on Oct. 28, 2004.  The return called for a refund of **$17279.00**.

    b.  In April and May of 2007 the IRS sent notices to the Fujitas that they had not filed their tax return for tax period 2003.  The Fujitas sent in copies of the filing multiple times to the IRS who repeatedly failed and refused to acknowledge receipt and process the return.

    c.  On Feb. 26, 2008 IRS employee Mitchell for Regina Owens ("Owens") filed a Notice of Federal Tax Lien in King County against Gary Fujita for "kind of tax" "1040" in the amount of **$21040.44**.

    d.  On May 16, 2011 IRS employee H. Gonzalez ("Gonzalez") for Curt filed a Notice of Federal Tax Lien in King County against Gary Fujita for "kind of tax" "1040" in the amount of **$25524.00**.

**15. Tax period 2010.**

a. On or about May 3, 2013 the Fujitas sent to Stern (taxpayer advocate), as requested by him, a 1040 tax return for tax period 2010, which he was supposed to forthwith send to the appropriate IRS office for processing.

b. On or about Aug. 26, 2013 IRS employee Cindy A. Morris ("Morris") from the Memphis, Tennessee IRS office sent a notice to Gary Fujita that the IRS had not received the "federal income tax return." The Fujitas promptly sent a notice, copy of the return and copy of the letter from Morris to Stern, requesting that Stern verify that the IRS had indeed received the return. Stern did not respond to the notice.

c. On or about Oct. 23, 2013 Morris sent the Fujitas another notice that failed to address the issue which was stated in the Aug. 29th notice that the IRS never received their return.

d. On Dec. 14, 2013 the Fujitas received a NOTICE OF DEFICIENCY ("NOD") from IRS employee Anita M. Hill ("Hill") out of the Memphis, Tennessee office for tax period 2010.

e. On or about Jan. 8, 2014 in response to the NOD, the Fujitas requested an office interview/examination/due process hearing pursuant to **26 CFR 601.105(b)(2)(i)**. To date the Fujitas have never received a response to this request from Hill or anyone from the Tennessee office. The Fujitas made the same request two more times, Feb. 24, 2014 and Jul. 11, 2014, and have never received a reply or response to the request. Stern, tax payer advocate, in a notice to the Fujitas indicated that tax period 2010 was "still an open examination."

f. On or about Jun. 2, 2014 the Fujitas received a "Notice of intent to seize your state tax refund or other property" from the IRS office in Ogden, Utah alleging an "amount due immediately" of "$16185.59." There was no information on the notice to indicate which actual IRS employee sent them the threatening notice.

**16. Tax periods 2012 and 2013.**

a. In early April 2014, in response to threatening notices from the taxpayer advocate and various IRS offices, the Fujitas, relying upon the Federal Register, mailed in their returns for the respective years, yet the IRS again failed and refused to process the filings. The Fujitas for these two tax periods have received various notices regarding lack of receipt of the filings, "examinations" and summons/subpoenas to bank accounts which the Fujitas have responded to by requesting collection due process hearings.

**EXHIBIT C – FACTUAL BACKGROUND**                                    **Page 5 of 5**