1

2

3

4

5

6

Honorable Richard A. Jones

7    IN THE UNITED STATES DISTRICT COURT FOR THE
     WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9

GARY and KAREN FUJITA,                    )
10                                        )    Case No. 14-cv-01688-RAJ
              Plaintiffs,                 )
11                                        )
              v.                          )    **UNITED STATES'**
12                                        )    **MOTION TO DISMISS**
     JACK LEW, INTERNAL REVENUE           )
13   SERVICE, and JOHN KOSKINEN,          )    **Note on Motions Calendar:**
                                          )    **February 27, 2015**
14            Defendants.                 )
     _____)

15

16          The United States of America, on behalf of the named defendants, the Internal Revenue

     Service and federal officers Jack Lew and John Koskinen, through undersigned counsel, hereby
17
     moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  Plaintiffs' Complaint
18
     names as defendants the Secretary of Treasury and Commissioner of the Internal Revenue
19
     Service in a frivolous attempt to restrain the United States from assessing and collecting taxes.
20
     The Complaint lacks a valid basis for subject matter jurisdiction in this Court and fails to state
21
     claims for which the Court can grant relief.  For these reasons, and as discussed below, the
22
     United States respectfully requests that the Court dismiss this action with prejudice.
23

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1

## BACKGROUND

2    On October 31, 2014, the Plaintiffs, *pro se*, filed the Complaint in this action.  The

3 Complaint's first paragraph identifies the following parties as defendants:  the U.S. Department

4 of Treasury; the Internal Revenue Service; Jack Lew, "in his official capacity as Secretary of

5 Treasury"; and John Koskinen, "in his official capacity as Commissioner of Internal Revenue."

6 (Compl. ¶ 1.)  (Neither the Complaint's caption nor its section labeled "Parties" identifies the

7 Department of Treasury as a defendant.)  The Plaintiffs' Affidavit of Mailing of Summons and

8 Complaint (Dkt. # 3) indicates that the Plaintiffs served the named defendants by sending the

9 Summons and Complaint, via certified mail, to the U.S. Attorney's Office in Seattle; the U.S.

10 Attorney's Office in Washington, D.C.; Jack Lew, at the Department of Treasury's main office

11 in Washington, D.C.; and John Koskinen, at the IRS's main office in Washington, D.C.

12    The Plaintiffs bring their claims against these parties under the Administrative Procedure

13 Act ("APA"), citing 5 U.S.C. § 551, *et seq.*, as the basis for the Court's jurisdiction.  (Compl. ¶¶

14 1-3, 6.)  They also cite as jurisdictional bases 28 U.S.C. § 1346(a)(1), "in as much as this is a

15 civil action against the United States for the recovery of taxes illegally collected and penalties

16 collected without authority," and 28 U.S.C. § 1331, "because this action arises under the

17 Constitution and laws of the United States."  (Compl. ¶¶ 7, 8.)

18    The Plaintiffs allege that the IRS failed to perform statutorily required duties and

19 misapplied various provisions of the Internal Revenue Code.  They also allege that the Secretary

20 of Treasury failed to publish regulations and initiate civil forfeiture proceedings required to

21 enforce tax liens.  (Compl. ¶ 2.)  Specifically, the Plaintiffs make the following claims:

22    1.    The IRS misapplied 26 U.S.C. § 6702, which provides for penalties for frivolous

23 tax submissions.  The Plaintiffs claim they are not "persons" within the meaning of § 6702, and

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    that the Secretary failed to publish a list of frivolous positions, as required under § 6702(c).

2    (Compl. ¶¶ 16-18, 41.)  For these reasons, according to the Plaintiffs, the IRS had no authority to

3    make assessments under § 6702 against the Plaintiffs.  (Compl. ¶ 35.)

4         2.    The IRS misapplied 26 U.S.C. § 6331.  This provision authorizes the IRS to place

5    a levy on all property and rights to property of those who neglect or refuse to pay tax liabilities.

6    The Plaintiffs allege that, because they are not officers, employees, or elected officials of the

7    United States, § 6331 does not apply to them.  (Compl. ¶ 19.)  Moreover, according to the

8    Complaint, the Plaintiffs have not engaged in any activities involving alcohol, tobacco, firearms,

9    excise taxes, or manufacturing, which, they claim, would authorize use of § 6331 against them.

10   (Compl. ¶ 21.)  According to the Plaintiffs, the IRS thus lacked authority under § 6331 to seize

11   their property (*i.e.*, place a levy on Plaintiff Gary Fujita's wages) in the amount of $138,756.74.

12   (Compl. ¶ 37.)

13        3.    The Secretary failed to follow the requirements of 26 U.S.C. § 7403.  Section

14   7403 authorizes the Attorney General, at the Secretary's request, to bring an action in U.S.

15   District Court to enforce a lien for nonpayment of tax.  According to the Plaintiffs, on 25

16   occasions, the Secretary, by not requesting that the United States initiate a foreclosure action

17   against the Plaintiffs, failed to comply with what the Plaintiffs characterize as a requirement in §

18   7403 to enforce tax liens.  The Plaintiffs claim that, in light of the Secretary's failure in this

19   regard, the liens placed on their property constitute a denial of due process and an impermissible

20   taking under the Fifth Amendment.  (Compl. ¶¶  22-26, 33, 43.)

21        4.    By recording liens with the state that failed to meet what the Plaintiffs consider

22   the requirements of § 7403, the IRS, according to the Plaintiffs, slandered the Plaintiffs'

23   character and credit worthiness.  (Compl. ¶ 45.)

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

5.     The IRS failed to follow 26 C.F.R. § 601.105(b)(2)(i).  This provision is part of the IRS's Statement of Procedural Rules.  The Plaintiffs allege that, after receiving a Notice of Deficiency from the IRS in December of 2013, they requested an interview with the IRS on three occasions.  The IRS never responded.  The Plaintiffs claim that the IRS's failure to respond to these requests violated 26 C.F.R. § 601.105(b)(2)(i).  (Compl. ¶ 27.)

As remedy for these claims, the Plaintiffs seek the following injunctive and monetary relief from the Court:

a.  Set aside the IRS's assessments of penalties and interest under 26 U.S.C. § 6702;

b.  Direct the IRS to return "property seized from the Plaintiffs' employers" (*i.e.*, amounts taken through levy on Mr. Fujita's wages) under 26 U.S.C. § 6331;

c.  Direct the IRS to return any property taken by enforcement of any tax liens where the procedures used did not comply with requirements under 26 U.S.C. § 7403;

d.  Direct the IRS to remove all "Notices of Federal Tax Lien" that have been filed against either or both of the Plaintiffs without notice of a court proceeding;

e.  Direct the IRS to give the Plaintiffs an accurate and binding accounting of their tax obligations; and

f.  Direct the Defendants to pay expenses associated with this action, as well as any future expenses the Plaintiffs incur "to comply with the actions of the IRS that should have already been completed by the IRS."  (Compl. at 29.)

## ARGUMENT

As explained below, the Plaintiffs' Complaint, on its face, fails to state a valid basis for subject matter jurisdiction in this Court.  The Complaint also fails to state claims on which the Court can grant relief.  The Court, therefore, should dismiss this action pursuant to Fed. R. Civ.

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

P. 12(b)(1) and (6).  As an initial matter, moreover, based on the substance of the Plaintiffs' claims and the relief they seek, the Court should treat this suit as an action against the United States and dismiss the named defendants.  The United States also raises an objection with respect to insufficient service of process.

## I.      THE NAMED DEFENDANTS SHOULD BE DISMISSED AND THE UNITED STATES SUBSTITUTED AS SOLE DEFENDANT.

Based on the Plaintiffs' claims and the relief sought, the United States should be substituted as the real party defendant in place of the named defendants.  The Plaintiffs state that they brought their claims against Secretary Lew and Commissioner Koskinen for actions taken in their "official capacities."  (Compl. ¶ 1.)  Moreover, the relief sought would compel the Government to act, or restrain it from acting, and would require payment from the Treasury.  In these circumstances, the Court should treat the Plaintiffs' lawsuit as one brought against the United States.  *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.") (internal quotes and citation omitted); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against an IRS employee for actions taken in his or her official capacity is a suit against the United States).

In addition, the Department of Treasury and its components are not subject to suit. Congress has not constituted the Department of Treasury or any of its bureaus, including the Internal Revenue Service, as a body corporate that can be sued in its name.  *See Castleberry v. Alcohol, Tobacco and Firearms Division*, 530 F.2d 672, 673 n. 3 (5th Cir.1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)).

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    Accordingly, the named defendants should be dismissed from this action, and the United

2    States of America substituted as the proper party defendant.

3    On its behalf and on behalf of the named defendants, the United States also raises an

4    objection, in order to preserve it, that no evidence exists of proper service on any defendant.  To

5    serve the United States, its agencies, or its employees sued in an official capacity, a party must

6    send a copy of the summons and complaint by certified mail to the U.S. Attorney for the district

7    where the action is brought, to the Attorney General of the United States, and to the agency or

8    officer.  Fed. R. Civ. P. 4(i)(1), (2).  If the party does not accomplish proper service within 120

9    days of filing the complaint and cannot show good cause why it did not make such service, the

10   action must be dismissed as to the defendants not properly served.  Fed. R. Civ. P. 4(m).

11   In this case, no evidence exists that the Plaintiffs served the Attorney General of the

12   United States with a copy of the Summons and Complaint.  Neither any of the named defendants

13   nor the United States, therefore, has been properly served.  Accordingly, if the Plaintiffs do not

14   introduce evidence of sufficient service within 120 days of the Complaint's filing (by March 2,

15   2015), then the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5).  *See*, *e.g.*,

16   *George v. Department of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) (affirming dismissal for

17   failure to serve Attorney General).

18   **II.       THE COURT LACKS JURISDICTION OVER THE PLAINTIFFS' CLAIMS.**

19   As a court of limited jurisdiction, a federal district court is obligated to dismiss a case

20   when it lacks subject matter jurisdiction over the claims alleged.  *See* Fed. R. Civ. P. 12(b)(1);

21   *see also Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  A court

22   lacks subject matter jurisdiction, and should dismiss a case under Rule 12(b)(1), if "the

23   allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In this case, the Plaintiffs'

2    Complaint, on its face, cannot establish jurisdiction for three reasons:  (1) the Anti-Injunction

3    Act precludes jurisdiction over the Plaintiffs' claims for injunctive relief; (2) the Plaintiffs have

4    not alleged facts indicating they have exhausted administrative remedies regarding their claim

5    for refund of levied amounts; (3) the Plaintiffs have not alleged a waiver of sovereign immunity

6    with respect to their claims pertaining to unauthorized collection activities; and (4) the Plaintiffs'

7    ostensible tort claim arises from the assessment or collection of taxes, for which the United

8    States has not waived immunity.

9    **A.    The Anti-Injunction Act Precludes Jurisdiction Over the Plaintiffs' Claims**
     **Seeking Injunctive Relief.**

10

11       The Plaintiffs assert that the APA provides jurisdiction presumably for their claims

12   seeking injunctive relief.  In making these claims, however, the Plaintiffs seek to enjoin the

13   Government specifically from assessing and collecting taxes, including compelling the

14   Government to lift the levies and expunge the tax liens against them.  Given the nature of these

15   claims, the Anti-Injunction Act, 26 U.S.C. § 7421, overrides the APA's limited waiver of

16   sovereign immunity in this case.  Accordingly, the Court lacks jurisdiction to hear the Plaintiffs'

17   claims for injunctive relief.

18       With respect to claims against the United States, its agencies, and its employees engaged

19   in official duties, the United States, as sovereign, may be sued only to the extent it waives its

20   immunity from suit.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990).  The APA provides

21   an express limited waiver of immunity for suits seeking non-monetary relief against the United

22   States.  *See* 5 U.S.C. § 702; *see also White v. University of California*, 753 F.3d 1010, 1024 (9th

23   Cir. 2014).  The APA's waiver of immunity, however, applies only if the "claims do not seek

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    relief expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. General*

2    *Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998); *see also* 5 U.S.C. § 702.  The Anti-

3    Injunction Act is such a statute that precludes judicial review in cases such as this.

4          The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment

5    or collection of any tax shall be maintained in any court by any person," except as provided in

6    specific sections of the Internal Revenue Code.  26 U.S.C. § 7421(a).[1]  The Act should be

7    "strictly enforced."  *Maxfield v. United States Postal Serv.*, 752 F.2d 433, 434 (9th Cir. 1984)

8    (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 734 (1974)).  Its purpose is "to permit the

9    United States to assess and collect taxes alleged to be due without judicial intervention, and to

10   require that the legal right to the disputed sum be determined in a suit for refund."  *Enochs v.*

11   *Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962).  The only exception to this rule requires the

12   taxpayer to demonstrate that no circumstance exists in which the Government could prevail in

13   the suit.  *See United States v. Condo*, 782 F.2d 1502, 1506 (9th Cir. 1986) (citing *Enochs*, 370

14   U.S. at 7).

15         The Plaintiffs here assert that this case "is not an action designed to prevent the

16   assessment or collection of taxes because the focus is on specific acts that have already been

17   committed by the IRS and actions withheld by the Secretary in the past."  (Compl. ¶ 3.)  The

18

19   [1] The specific exceptions in the Internal Revenue Code do not apply here.  Several, for instance, pertain to Tax Court review of IRS actions or determinations:  sections 6212 and 6213 (notices of deficiency); section 6015(e) (innocent spouse determinations); and section 6330(e)(1) (certain collection due process proceedings).  The other statutory

20   exceptions likewise concern issues that do not apply:  section 6331(i) prohibits levy during the pendency of a suit for refund of a divisible tax (such as a trust fund recovery penalty assessed pursuant to section 6672(a)); section 6672(c) applies only when a responsible person has filed a bond within 30 days of assessment to ensure collection; sections

21   6225 and 6246 concern partnership tax assessments; section 6694 pertains to return preparer penalty proceedings; section 7426 concerns third-party wrongful levy actions; section 7429 applies in proceedings to review jeopardy

22   assessments; and section 7326 concerns proceedings to determine employment status.

23

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

substance of the Plaintiffs' claims and the relief they seek, however, contradict this statement.

They ask this Court to set aside the assessments the IRS made pursuant to 26 U.S.C. § 6702; lift

the levy the IRS placed on Mr. Fujita's wages pursuant to 26 U.S.C. § 6331; and remove the

liens that the IRS placed on the Plaintiffs' property pursuant to 26 U.S.C. § 6321.  Without

question, the purpose of the Plaintiffs' suit is to restrain the past and ongoing assessment and

collection of tax.  Accordingly, the Anti-Injunction Act prohibits this suit unless the Plaintiffs

can demonstrate that the Government could not possibly prevail in a refund suit.

The Plaintiffs cannot do so.  Nothing in the Plaintiffs' Complaint indicates that the IRS

made any assessments or took any collection actions without the authority provided by statute.

26 U.S.C. § 6702 gives the IRS authority to assess penalties for frivolous tax submissions; 26

U.S.C. § 6331 authorizes the IRS to place a levy on all property and rights to property of those

who neglect or refuse to pay tax liabilities; and pursuant to 26 U.S.C. § 6321, following

assessment of tax and demand for payment, if a taxpayer neglects or refuses to pay the tax, a lien

arises in the United States' favor in the amount of the assessment (26 U.S.C. § 7403 simply

allows the Attorney General, at the Secretary's request, to bring an action in U.S. District Court

to enforce that lien).  As explained in Part III below, the Plaintiffs make only frivolous

allegations to challenge the IRS's authority and actions under these statutes.  Accordingly, they

cannot demonstrate that no circumstance exists in which the IRS would prevail on these claims.

The Anti-Injunction Act thus prohibits the Plaintiffs' claims seeking to restrain the

assessment and collection of tax, and the Court lacks jurisdiction over them.  The Court,

therefore, should dismiss the claims that seek non-monetary relief.

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1

2

**B.      The Plaintiffs' Have Not Alleged Facts Indicating They Have Exhausted Administrative Remedies Regarding Their Refund Claim.**

3

The Court also lacks subject matter jurisdiction over the Plaintiffs' claim seeking refund

4

of levied amounts.  A jurisdictional prerequisite to this claim is exhaustion of administrative

5

remedies.  The Plaintiffs fail to allege facts indicating they have met this prerequisite.  The

6

Court, therefore, should dismiss this claim.

7

The exclusive means in this Court for seeking a refund of amounts collected as tax is to

8

bring an action under 26 U.S.C. § 7422.  *See Life Science Church v. Internal Revenue Service*,

9

525 F. Supp. 399, 403 (N.D. Cal. 1981) (citing *Flora v. United States*, 362 U.S. 145, 157

10

(1960)).  Section § 7422 requires that a taxpayer seeking to bring such an action first exhaust his

11

or her administrative remedies.  *See* 26 U.S.C. § 7422(a).  Failure to do so deprives the court of

12

subject matter jurisdiction over the action.  *See Boyd v. United States*, 762 F.2d 1369, 1371 (9th

13

Cir. 1985) ("If the refund claim does not meet the requirements of the Code and the regulations,

14

the suit must be dismissed, because the filing pursuant to the rules is a jurisdictional

15

prerequisite.") (internal quotes and citations omitted).

16

The statutory remedy available under § 7422 (which the Plaintiffs have not invoked)

17

involves pursuing an administrative claim for credit or refund with the IRS.  *See* 26 C.F.R. §

18

301.6402-2.  Among other requirements, such a claim "must set forth in detail each ground upon

19

which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact

20

basis thereof."  26 C.F.R. § 301.6402-2(b)(1).  Moreover, "the statement of the grounds and facts

21

must be verified by a written declaration that it is made under the penalties of perjury."  *Id.*

22

After filing a proper claim for refund, the taxpayer must wait until either the IRS responds or six

23

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

months elapse without a response before he or she can bring an action in the U.S. District Court for recovery of improperly collected taxes. *See* 26 U.S.C. § 6532(a)(1).

In this case, the Plaintiffs have not stated any facts indicating they have taken these steps and exhausted their administrative remedies.  The Court thus lacks jurisdiction over their claim for refund of levied amounts and must dismiss it.  *See Boyd*, 762 F.2d at 1371.

### C.    The Plaintiffs Have Not Alleged a Waiver of Sovereign Immunity With Respect to Their Unauthorized Collection Claim.

Likewise, the Court lacks jurisdiction over the Plaintiffs' claim regarding unauthorized collection activities because the Plaintiffs have not met their burden of alleging an applicable waiver of immunity.  *See generally Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (a party bringing an action against the Government bears the burden of showing an unequivocal waiver of the Government's immunity).

The Plaintiffs assert that the IRS had no authority to levy their property (*i.e.*, Mr. Fujita's wages) or record a lien against them.  The exclusive remedy for such claims of unauthorized collection activity is an action under 26 U.S.C. § 7433.  *See Mayben v. Barnes*, 290 F. Supp. 2d 1169, 1173 (E.D. Cal. 2003) (stating that "Congress has provided that a lawsuit under 26 U.S.C. § 7433(a) is the exclusive remedy" for seeking relief for "improper collection of taxes").  The Plaintiffs have not alleged that they bring this claim under 26 U.S.C. § 7433 or any other statute that would waive the Government's immunity.

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    Even if this claim could be construed as a properly pleaded claim under § 7433, the

2    Plaintiffs, as explained in Part III below, base this claim on frivolous allegations.  As a matter of

3    law, therefore, the claim should be dismissed.[2]

4    **D.    The Plaintiffs' Slander Claim Arises From the Assessment or Collection of Taxes, for Which the United States Has Not Waived Immunity.**

5    The Court also lacks jurisdiction over the Plaintiffs' claim that, by recording liens against

6    their property, the IRS slandered the Plaintiffs' character and credit worthiness.  The only waiver

7    of sovereign immunity that could apply to this claim, that under the Federal Tort Claims Act

8    ("FTCA"), does not apply because the Plaintiffs' claim arises from the assessment or collection

9    of taxes.  Without any waiver of immunity, the Court has no jurisdiction to consider this claim.

10   The FTCA waives sovereign immunity in making the United States liable for injury or

11   property loss "caused by the negligent or wrongful act or omission of any employee of the

12   Government while acting within the scope of his office or employment, under circumstances

13   where the United States, if a private person, would be liable to the claimant."  28 U.S.C. §

14   1346(b)(1).  The FTCA's waiver of immunity, however, is limited.  It does not extend to, among

15

16

17

18   [2] In addition, the Plaintiffs have not alleged facts indicating they have exhausted administrative remedies with respect to this claim.  Section 7433 states that a court may not award damages for claims pertaining to unauthorized tax collection activity unless the court determines that the plaintiff has exhausted administrative remedies.  26 U.S.C. § 7433(d)(1).  Some courts have questioned whether this exhaustion requirement is jurisdictional in light of *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006), which states that statutory limitations should be viewed as non-jurisdictional in the absence of a clear statement that the limitation is jurisdictional.  *See, e.g.*, *Hoogerheide v. IRS*, 637 F.3d 634, 636, 638 (6th Cir. 2011); *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011).  Following the Supreme Court's decision in *Arbaugh*, however, the Ninth Circuit has retained the position articulated in *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992), that the exhaustion requirement in § 7433 is jurisdictional.  *See, e.g.*, *Joseph v. United States*, 517 Fed. Appx. 543, 543 (9th Cir. 2013).  Under Ninth Circuit law, therefore, the Plaintiffs' failure to allege that they have exhausted administrative remedies under § 7433 also would deprive the Court of jurisdiction over this claim.

23

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    other things, "any claim arising in respect of the assessment or collection of any tax."  28 U.S.C.

2    § 2680(c).

3        The Plaintiffs make their slander claim based on the IRS's assessment of tax and

4    subsequent collection action pursuant to 26 U.S.C. § 6321.  Without question, therefore, their tort

5    claim arises from the assessment and collection of tax.  Regardless of whether the IRS's actions

6    amounted to tortious conduct, therefore, the United States is immune from such claims under the

7    FTCA.  *See Bergvinsson v. United States*, 42 F. Supp. 2d 1026, 1029 (W.D. Wash. 1998) (citing

8    *Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975)).  The Court thus lacks jurisdiction

9    over the claim and should dismiss it.  *See id.*

10   **III.    THE COMPLAINT FAILS TO STATE CLAIMS ON WHICH THE COURT CAN
         GRANT RELIEF.**

11

12       Apart from the Complaint's failure to state a valid basis for subject matter jurisdiction, it

13   also fails to state any claims on which relief can be granted.  The Plaintiffs make frivolous claims

14   that courts repeatedly have rejected.  For this additional independent reason, the Court should

     dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).

15
         Dismissal under Rule 12(b)(6) is proper where the Complaint lacks either a "cognizable
16
     legal theory" or "sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica*
17
     *Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).  While on a 12(b)(6) motion the Court generally
18
     must credit the Complaint's allegations, it should not accept as true conclusory allegations or
19
     legal characterizations, nor should it accept unreasonable inferences or unwarranted deductions
20
     of fact.  *See In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir.1996).  The factual
21
     allegations must allege a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In
22
     this case, they do not.
23

UNITED STATES'                          13                    **U.S. DEPARTMENT OF JUSTICE**
MOTION TO DISMISS                                            Tax Division, Western Region
Case No. 14-cv-01688-RAJ                                     P.O. Box 683
                                                             Washington, D.C.  20044
                                                             Telephone: 202-514-6062

The Plaintiffs claim, for instance, that because they are not "persons" under 26 U.S.C. § 6702, which provides for penalties for frivolous tax submissions, the IRS had no authority to assess amounts against them pursuant to § 6702.  The Internal Revenue Code, however, defines "person" to mean "an individual, a trust, estate, partnership, association, company or corporation."  26 U.S.C. § 7701(a)(1).  The Code defines "taxpayer" as "any person subject to any internal revenue tax."  26 U.S.C. § 7701(a)(14).  The Plaintiffs plainly fit within the Code's definition of "person," and are subject to "any internal revenue tax," including that assessed under § 6702.  Given the Code's plain language, the Ninth Circuit has stated that the same argument that the Plaintiffs assert here "has been consistently and thoroughly rejected by every branch of the government for decades" and "is now the basis for serious sanctions imposed on civil litigants who raise them."  *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

The Plaintiffs also claim that the IRS had no authority to assess penalties under § 6702 because the Secretary failed to publish regulations under § 6702(c).  First, § 6702 does not require published regulations.  It merely states that the Secretary shall prescribe and update a list of positions that he has identified as frivolous.  *See* 26 U.S.C. § 6702(c).  The Secretary has done so.  *See* IRS Notice 2010-33, 2010-17 I.R.B. 609.  In any event, the Ninth Circuit and other courts consistently have rejected the claim that § 6702 (and any Internal Revenue Code provision) must be implemented by regulation before being effective.  *See, e.g.*, *Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir. 1985); *Welch v. United States*, 750 F.2d 1101, 1110-11 (1st Cir. 1985); *Kahn v. United States*, 753 F.2d 1208, 1222 n. 8 (3d Cir. 1985).  The Plaintiffs' claims regarding § 6702, therefore, are frivolous.

The Plaintiffs make similar frivolous claims regarding 26 U.S.C. § 6331.  Section 6331 authorizes the IRS to place a levy on all property and rights to property of those who neglect or

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

14

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

refuse to pay tax liabilities.  The Plaintiffs allege that, because they are not officers, employees, or elected officials of the United States, and because they have not engaged in activities involving alcohol, tobacco, firearms, excise taxes, or manufacturing, § 6331 does not apply to them.  The statute's plain language, however, confers broad power on the IRS to levy "*all* property of *any* person liable to the IRS."  *Maisano v. Welcher*, 940 F.2d 499, 502 (emphasis in original).  The "exceptions" that the Plaintiffs identify simply clarify procedures followed in certain situations (*i.e.*, attachment of a Government employee's wages) and do not limit the statute's scope.  *See id.*  Without question, § 6331 applies to the Plaintiffs.[3]

Likewise, the Plaintiffs make fatuous allegations regarding the liens filed against their property.  They claim that because the Secretary did not request that the Attorney General bring actions to enforce these liens – as, they maintain 26 U.S.C. § 7403 requires of the Secretary – the liens are invalid.  Section 7403, however, states that "the Attorney General or his delegate, at the request of the Secretary, *may* direct a civil action to be filed . . . to enforce the lien of the United States."  26 U.S.C. § 7403(a) (emphasis added).  Nothing in this section, or any other, either requires the Secretary to make such a request or, even upon such request, requires the Attorney General to bring an action to enforce the lien.  As stated in Part II.A. above, under 26 U.S.C. § 6321, following the IRS's assessment of tax and demand for payment, if a taxpayer neglects or refuses to pay the tax, a lien arises in the United States' favor in the amount of the assessment. The Plaintiffs do not contest that liens arose on their property following the IRS's assessment of

---

[3] The Plaintiffs have moved to amend their Complaint (*see* Dkt. #10) to allege that the IRS's wage garnishments exceeded the 15% maximum permitted under 26 U.S.C. § 6331(h)(1).  The 15% maximum applies only to a "specified payment," which does not include the garnished wages at issue here.  *See* 26 U.S.C. §§ 6331(h)(1), (2) and 6334(a)(4), (7), (9), (11).  This claim thus lacks any basis as well.

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

15

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1  tax and demand for payment.  Whether or not the Secretary chooses to request that the Attorney

2  General bring an action to enforce those liens, and whether or not the Attorney General actually

3  brings such an action, the liens remain valid.

4         Finally, the Plaintiffs claim that by failing to respond to their request for a meeting, the

5  IRS violated 26 C.F.R. § 601.105(b)(2)(i).  This provision states the following:

6         Office examination--(i) Adjustments by Examination Division at service center.
       Certain individual income tax returns identified as containing potential
7      unallowable items are examined by Examination Divisions at regional service
       centers. Correspondence examination techniques are used. If the taxpayer requests
8      an interview to discuss the proposed adjustments, the case is transferred to the
       taxpayer's district office. If the taxpayer does not agree to proposed adjustments,
9      regular appellate procedures apply.

10        This provision is part of the IRS's Statement of Procedural Rules regarding examinations

11  of returns and claims for refund, credit, or abatement.  *See* 26 C.F.R. § 601.105.  The IRS

12  Statement of Procedural Rules "is explicitly directed at controlling the conduct of the IRS," and

13  thus "does not have the force and effect of law."  *Ward v. Commissioner of Internal Revenue*,

14  784 F.2d 1424, 1431 (9th Cir. 1986); *see also Luhring v. Glotzbach*, 304 F.2d 560, 565 (4th Cir.

15  1962) (stating that 26 C.F.R. § 601.105 is "directory and not mandatory in legal effect").

16  Because the Statement of Procedural Rules is directory, the IRS has no legal duty to comply with

17  the Procedural Rules, and the Procedural Rules confer no rights on the taxpayer.  *See Ward* 784

18  F.2d at 1430-31.  Even if the IRS did not comply with 26 C.F.R. § 601.105(b)(2)(i), therefore,

19  the Plaintiffs have no cause of action against the IRS.

20        Because the Plaintiffs' allegations are frivolous or otherwise fail to state plausible claims,

21  the Court should dismiss them pursuant to Fed. R. Civ. P. 12(b)(6).

22

23

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

16

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1

**CONCLUSION**

2        For the foregoing reasons, the United States respectfully requests that the Court dismiss

3  the named defendants and substitute the United States as the proper party defendant, and dismiss

4  the Plaintiffs' Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

5        The United States is submitting a proposed order along with this motion.

6

7  DATED this 2d day of February, 2015.

8                            Respectfully submitted,

9                            CAROLINE D. CIRAOLO
                               Principal Deputy Assistant Attorney General

10
                            */s/ Charles J. Butler*

11                          CHARLES J. BUTLER
                            Trial Attorney, Tax Division

12                          U.S. Department of Justice
                            P.O. Box 683

13                          Washington, D.C.  20044
                            202-514-6062 (v)

14                          202-307-0054 (f)
                            Charles.J.Butler@usdoj.gov

15

                            Of Counsel:

16

                            ANNETTE L. HAYES

17                          Acting United States Attorney

18

                            Counsel for Defendants

19

20

21

22

23

UNITED STATES'
MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

17

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1

CERTIFICATE OF SERVICE

2

3    I hereby certify that on this 2d day of February, 2015, I filed the foregoing Motion to Dismiss
     with the Clerk of Court using the CM/ECF system.  The CM/ECF system will send notice of this
4    filing to the Plaintiffs, who are registered to receive electronic service.

5

6                                         /s/ Charles J. Butler
                                          Charles J. Butler
7                                         Trial Attorney
                                          United States Department of Justice, Tax Division

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062