Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GARY FUJITA and KAREN FUJITA,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES<br><br>   Defendant | Case No. 14-cv-01688-RAJ<br><br>**RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS**<br><br>Note on Motions Calendar:<br><br>February 27, 2015 |

## **INTRODUCTION**

Plaintiffs' Complaint does not seek to restrain the United States from collecting and assessing taxes. Rather the Plaintiffs seek judicial review of long standing IRS practices that are contrary to federal law and related regulations that have been used in the past to seize Plaintiffs' property. The IRS interpretation of Congressional intent has been perverted and twisted in order to unlawfully extract revenue from the Plaintiffs over a long period of time. Plaintiffs will show what the actual Congressional intent is with regards to the authorities upon

RESPONSE IN OPPOSITION TO            1            Gary & Karen Fujita
DEFENDANT'S MOTION TO DISMISS                    113 32nd Ave. East
Case No. 14-cv-01688-RAJ                         Seattle, Washington 98112
                                                 (206) 601-7946

which the IRS has been relying.  On this meritless basis the Court should deny the United States' Motion to Dismiss (Motion).

Regarding the defendant parties, Plaintiffs agree to the substitution of the UNITED STATES as the defendant in this matter.  Also, as of the filing date of this RESPONSE the Attorney General of the United States has been served with a copy of the Summons and Complaint.

## ARGUMENT

### I.   Plaintiffs Did Not Fail to Allege a Waiver of Sovereign Immunity

In the Motion, Defendant asserts that Plaintiffs failed to allege a waiver of sovereign immunity with respect to their claims.  At Page 2 line 8 – 13 of the Complaint, Plaintiffs cited 5 U.S.C. § 702 as their right to Judicial Review.  Section 702 of the APA has been considered a general waiver of sovereign immunity with respect to injunctive or declaratory relief against federal agency action.  See <u>United States v. Murdock Mach. & En'g Co. of Utah</u>, 81 F.3d 922, 930 n.8 (10th Cir. 1996), citing <u>United States v. Mitchell</u>, 463 U.S. 206, 227 n.32 (1983).  "The terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id*.  The APA provides a waiver of sovereign immunity to the extent that the claims involve judicial review of agency action and a plaintiff complies with jurisdictional requirements.  See 5 U.S.C. §§ 702 (2012) ("person suffering legal wrong because of agency action...entitled to judicial review thereof"), § 704 (specifying jurisdictional limitations on review). This clearly makes the IRS's APA argument irrelevant.  While the Plaintiffs did not use the explicit words "waiver of sovereign immunity" the intent is clear.  As Plaintiffs are proceeding pro se, they are entitled to the jurisprudence demonstrated in <u>Haines v. Kerner</u>, 404 U.S. 519 with respect to their pleadings.

| RESPONSE IN OPPOSITION TO | 2 | Gary & Karen Fujita |
| DEFENDANT'S MOTION TO DISMISS | | 113 32nd Ave. East |
| Case No. 14-cv-01688-RAJ | | Seattle, Washington  98112 |
| | | (206) 601-7946 |

**II.     The Anti-Injunction Act Not Relevant Given the Facts and Circumstances**

The Defendant may not also hide behind the Anti-Injunction Act (26 U.S.C. § 7421(a)) to claim immunity from this Court's authority to hear this case and award equitable and other such relief the Court deems just and proper.  Defendant's Motion should be denied, because this Court has jurisdiction and responsibility to hear Plaintiffs' properly pleaded and not only plausible, but correct and actionable, claims of violations of the Statutes at Large and Treasury regulations.  The Defendant takes the same old shopworn position that this APA review concerns the restraining, assessment or collection of a tax and is thereby barred by the Anti-Injunction Act in spite of facts to the contrary.  Plaintiffs have already had taxes assessed and collected by way of administrative seizure followed up by the Plaintiffs' attempts to obtain refunds.  This case is centered on setting aside agency actions that are outside the authority of the Statutes at Large.  While the Plaintiffs indicated amounts and dates of seizures in the Fact Statement of the Complaint, the Prayer for Relief only requests a return of property already seized and any interest that would be legally due.  Due to final agency action, this matter is ripe for review and is a case of equity.  <u>Enochs</u> 370 U.S. at 7 (2001) states,

> "Appellants, who seek only equitable relief, argue Congress provided the necessary waiver of immunity in §702, which reads in part:
>
> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency … acted or failed to act… shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.
>
> 5 U.S.C. § 702.  We agree.  Even construing § 702 "strictly," as the Service requests, see Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260-61 (1999), there is no doubt Congress lifted the bar on sovereign immunity in actions not seeking money damages.  See Trudeau, 456 F.3d at 186.  The IRS is not special in this regard; no exception exists shielding it – unlike the rest of the Federal Defendant – from suit under the APA.  See e.g., Foodservice & Lodging Inst., v. Regan, 809 F.2d 842 (D.C. Cir 1987)"

The Defendant also alleges that the Court does not have jurisdiction of this cause of action because the Anti-Injunction Act precludes jurisdiction by the Court.  The entire Motion is founded upon the presumption that certain conditions precedent that would subject the Plaintiffs to the Anti-Injunction Act are in place yet the Defendant offers no facts, statements, affidavits, or evidence that such conditions precedent have actually been met.  Federal Rules of Civil Procedure (FRCP) rule 301 indicates that the burden is on the opposing party of **proving the nonexistence of a presumed fact** once the party invoking the presumption establishes the basic facts giving rise to it.  In this matter the Defendant has not established **any** basic facts giving rise to the presumption that the Anti-Injunction Act is applicable to the Plaintiffs under their particular circumstances.

**A.  26 U.S.C. § 7421 is not positive law, only prima facie evidence of law**

As of this date Title 26, which includes the Anti-Injunction Act at 26 U.S.C. § 7421, remains a Title of law that has not been through the required process in order to be adopted by Congress as positive law.  Therefore, the "Code," as Title 26 is commonly referred to, is basically a codification of previous Acts of Congress and is only prima facie evidence of the law (see United States Code Reviser website).  The binding law on both the Plaintiffs and the Defendant is the Statutes at Large enrolled and engrossed into law by Congress. The Court must take Judicial Notice of such Statutes at Large.

> "The official source to find United States law is the Statutes at Large and the United States Code is only prima facie evidence of such laws." *Royer's Inc. v. United States*, 265 F2d 615 (1959)

> "Unless Congress affirmatively enacts title of United States Code into law, that title is only "prima facie" evidence of the law." *Preston v. Heckler*, 734 F2d 1359 (1984)

"…that the Code establishes "prima facie" the laws of the United States, the very meaning of "prima facie" being that the Code cannot prevail of the Statutes at Large when the two are inconsistent." <u>Stephan v. United States</u>, 310 U.S. 423 (1943); <u>United States v. Welden</u> 377 U.S. 95 (1964)

**B. Legislative History of the Anti-Injunction Act 26 U.S.C. § 7421**

1. 26 U.S.C. § 7421 dates back from the current 1986 code to the renumbering between the 1954 Code and the 1939 Code and was derived from § 3653(a) of the 1939 Code.

2. From the 1939 Code § 3653(a) is derived from Revised Statute 3224.

3. Revised Statute 3224 was derived from the Act of March 2, 1867, Vol 14, Page 475, Chapter 169, §10.  As was the custom in those days the tax acts were updated and amended every couple of years.

4. The act of March 2, 1867 was derived from the act of June 30, 1864.

5. The June 30, 1864 act was derived from the Act of July 1, 1862.

6. The act of July 1, 1862 Vol. 12, Chapter 119, Page 432 is the **original Statute at Large that identifies the conditions precedent that are required for the Defendant to proceed using the current 26 U.S.C. § 7421 against Plaintiffs in order to defeat their right of judicial review**.  The conditions precedent consist of involvement in activities that are set out in the original Statute at Large as indicated at Section 41 (Duties on Spirits), Section 50 (Duties on Beer), Section 57 (requirement for licenses for activities as listed in Section 64) and Section 75 (duties on manufactured goods as listed on page 462 – 466 of the Act).  The Defendant did not produce any evidence, testimony or facts that the Plaintiffs were involved in any of these regulated activities.

The Defendant depends upon the phrase "no suit for the purpose of restraining the assessment or collection of **any tax** shall be maintained in any court by any person," but like

any other statute, §7421 is not applicable beyond the limits defined by Congress.  **"Any tax" is limited to the <u>kind of tax</u> specified under the authority of a particular Statute at Large**. Were this not the case, then the intent of the Statutes at Large, and thereby of Congress, would be rendered subservient to IRS interpretations.  In fact in the IRS's own Publication 17 "Tax Guide for Individuals" the IRS gives Notice, by a disclaimer, that their interpretation will be enforced until ordered by a court or "in some other way," to change their business model. The IRS Notice is as follows,

> "The explanations and examples in this publication reflect the **interpretation** by the Internal Revenue Service (IRS) of:  Tax laws enacted by Congress, Treasury regulations, and Court decisions.  However, the information given does not cover every situation and is not intended to replace the law or change its meaning.  This publication covers some subjects on which a court may have made a decision more favorable to taxpayers than the **interpretation** by the IRS.  Until these differing interpretations are resolved by higher court decisions or in some other way, this publication will continue to present the **interpretations** by the IRS."

The architecture of the law requires that in order to have 26 U.S.C. § 7421 apply to this cause of action, Plaintiffs would have to be, as a condition precedent, involved in some specific and regulated taxable activity defined by Congress via the Statutes at Large that gives rise to this section.  Inasmuch, the Defendant has failed to offer any facts, statements, evidence or testimony that supports the presumption that the Plaintiffs' alleged conduct meets such conditions precedent.  Given Plaintiffs particular set of circumstances, the Anti-Injunction Act does not apply to this cause of action and therefore this Court does have jurisdiction in this matter.

### III.     Misapplication of 26 U.S.C. § 6702 to assess penalties and related statutes

The Defendant admits that the IRS made assessments and claims authority to assess penalties under 26 U.S.C. § 6702, that the IRS seized Gary Fujita's compensation under 26

RESPONSE IN OPPOSITION TO  
DEFENDANT'S MOTION TO DISMISS  
Case No. 14-cv-01688-RAJ

6

Gary & Karen Fujita  
113 32nd Ave. East  
Seattle, Washington  98112  
(206) 601-7946

U.S.C. § 6331 and utilized 26 U.S.C. § 6321 as the authority to assess a tax. (Motion to Dismiss page 9, line 10 – 13).  Once again the IRS acted without proper regard to the Statutes at Large. The United States historically and routinely defends IRS "interpretations" with the mindset that all conditions precedent are in place that authorize the actions complained of, without ever producing any facts, statements, affidavits, or evidence to support the presumption that those conditions precedent have been met.

The conditions precedent that allow 26 U.S.C. § 6702 to be applied against the Plaintiffs are few.  First, as explained in the Complaint, Congress excepted income tax, estate tax and gift tax from the penalty section of the Code in the Revenue Act of February 26, 1926, § 1114(d) and again in the plain language of § 3660 of the 1939 Code. Therefore, the Plaintiffs are required to be involved in some taxable activity OTHER than income, estate and gift tax in order to be assessed with any penalty under the statute.  The Defendant failed to provide this Court with any facts, affidavits, testimony or any evidence showing that the Plaintiffs are licensed or involved in a conduct or activity that permits the IRS to use 26 U.S.C § 6702 against them.

Second, the term "person" as defined in § 1114(d) of the Revenue Act of February 26, 1926 and brought forward to the current 26 U.S.C. 6671(b) <u>does not include</u> layers of definitions of the term as is argued by the Defendant.  26 U.S.C. § 6671(b) is very clear in its verbiage.  Congress used the explicit language, "<u>The term "person" as used in this subchapter</u>." There is no expansive language in § 6671(b) to indicate that other definitions of "person" apply in Subchapter B.  Neither the IRS nor the Court has authority to arbitrarily expand the meaning of any Statute.  The Defendant's argument and logic would actually make it unnecessary for Congress to publish the current definition at 26 U.S.C. § 6671(b) due to the all-encompassing

RESPONSE IN OPPOSITION TO  
DEFENDANT'S MOTION TO DISMISS  
Case No. 14-cv-01688-RAJ

7

Gary & Karen Fujita  
113 32nd Ave. East  
Seattle, Washington  98112  
(206) 601-7946

definition of "person" at 26 U.S.C. § 7701 (a)(1). Obviously Congress intended to limit the "person" against whom penalties can be applied by way of the Statutes at Large. The Plaintiffs, Defendant and the Court are bound by the Statute at Large authorities.

The conditions precedent required for the IRS to be able to classify the Plaintiffs as "persons" under 26 U.S.C. § 6671(b) in order to apply 26 U.S.C. § 6702 against them are quite clear when you consult the cross reference to the 1939 code. The cross reference indicates that the 1986 Code § 6671(b) springs from §§ 1718(d), 1821(a), 2557(b)(8), and 2707(a) of the 1939 Code. When each of these sections is consulted it is plain to see the conditions precedent required to foist the condition of "person" upon the Plaintiffs. The IRS interpretation of section 6671 is overcome by,

1. 1939 Code § 1718(d) references a tax on "**Admissions and Dues**" located in Chapter 10, Subchapter A and B.

2. 1939 Code § 1821(a) references a tax on **Bonds, Debentures, Stock Certificates** and other matters mentioned in §§ 1801 – 1807 of the Act and the use of stamps to pay said taxes in Chapter 11, Subchapter A and B.

3. 1939 Code § 2557(b)(8) located in Chapter 23, Subchapter A, concerns a tax on **opium and coca leaves** prepared imported or produced for consumption or sale.

The 1939 cross reference, which demonstrates in plain language, that unless the Plaintiffs are involved in a taxable activity defined by Congress within the Statutes at Large, Congress intended that no penalty shall arbitrarily be assessed against the Plaintiffs. The Defendant again has failed to plead any facts or support with any evidence or testimony Plaintiffs' alleged conduct under the Congressionally restricted definition of "person" defined in 26 U.S.C. § 6671(b).

**IV.    No List of Frivolous Positions In Federal Register Is Violation Of Freedom Of Information Act**

The Defendant argues that IRS Notice 2010-33, 2010-17 I.R.B. 609 is proper notice that would allow said notice to be the basis for assessing a penalty against the Plaintiffs under § 6702. Congress in The Freedom Of Information Act at § 552(a)(1) clearly mandates,

> "Each agency shall separately state and currently publish in the Federal Register for the guidance of the public-- (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; … Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published.."

The Secretary of the Treasury (Secretary) recognized the responsibility to publish rules of general applicability when he published the instructions in 26 CFR 601.702(a)(2)(ii) that requires the IRS to publish "general policy or interpretations." Congress mandated the Secretary publish a "list" of positions identified as "frivolous" at 26 U.S.C. § 6702(c). That list would have general applicability and would be a statement of general policy. Therefore, the list is required to be published in the Federal Register. For the Defendant to argue that the alleged list of "frivolous" positions used by the IRS to assess penalties under § 6702 does not need to be published in the Federal Register is contrary to the well known and well settled Freedom Of Information Act and the Federal Register Act. The Defendants argument is therefore frivolous and without merit.

The conditions precedent required to assess a penalty against the parties in the cases cited by the Defendant to support their argument of frivolity might have existed, or not been argued, which would then operate to cause the Court to rule that a claim was frivolous.

However, in this matter the conditions precedent have not been supported by fact, testimony or any evidence offered that these necessary conditions have been met. The Defendant has also failed to plead any alternative theories or set of conditions precedent that would permit 26 U.S.C. § 6702 to apply to the Plaintiffs. Therefore, the Plaintiffs' claim that 26 U.S.C. § 6702 does not attach to them is not frivolous and no sanctions can attach to the Plaintiffs for relying and depending upon the Congressional intent set forth in the Statutes at Large.

**V.      IRS Misinterpretation of 26 U.S.C. § 6331 Used to Seize Plaintiffs' Property**

The Defendant claims that the Plaintiffs' position on 26 U.S.C. § 6331 is also "frivolous." This is a standard ploy used by the U.S. Attorney when unable to provide facts or evidence to overcome an opponent's position or when there is no avenue to use law to overcome said position. The 1939 Code reveals that the current § 6331 was derived from §§ 3310, 3660, 3690, and 3700 of the 1939 Code. Section 3660 of the 1939 Code clearly exempts jeopardy assessments if income tax, estate tax, and gift tax are the taxes in question. That means there must be conditions precedent in place making the Plaintiffs liable for a kind of tax <u>other than income, estate and gift tax</u> otherwise the Defendant must bring forth an amendment to the Statutes at Large that shows that Congress has changed the original intent. The original Statute at Large that gives life to the current day § 6331 is the act of July 13, 1866 which refers with great specificity to taxes on **cotton, manufacturing taxes, and distilled spirits** which is why the Secretary, as mandated by the Federal Register Act, publishes the enforcement regulations for § 6331 under Title 27 "**Intoxicating Liquors**." The IRS interprets the broad language of § 6331 as the "authority" to seize any property of any person despite the well settled jurisprudence that the Congressional intent as law of a Statute cannot be expanded by any executive agency. **The very words of § 3660 dictate that a levy of property when the**

**tax involved is income, estate, or gift places the Plaintiffs property <u>outside the limits</u> of the current § 6331**.

### VI.   IRS Actions Exceeds Statutory Authority of 26 U.S.C. § 6321

The Defendant supports the IRS "interpretation" that 26 U.S.C. § 6321 authorizes the IRS to assess a lien. Once again, after consulting the Code of Federal Regulation Authorities finding aid, Plaintiffs discover that the Secretary, pursuant to 5 U.S.C § 552, has published the authority for § 6321 under Title 27 Part 70, a Title that authorizes enforcement of ATF regulations.  Further investigation shows that the current § 6321 was derived from § 3970 of the 1939 Code. Section 3970 was derived from section 3186 of the Revised Statutes of 1874 (RS 1874) and was termed "Lien for Taxes."  Section 3186 was derived from the actual Statute at Large passed by Congress on July 13, 1866.  This Act identifies only **excise taxes on cotton and distilled spirits** as subject to lien.  The original Act was amended on May 29, 1928, Vol. 45, Page 875, Chapter 852, Section 613, to amend the method of lien, but does not change the kind of tax authorized by Congress to create a lien per the original State at Large of 1866.  After this investigation, the Plaintiffs find that **the Statutes at Large create a condition precedent that Plaintiffs must be involved in cotton or distilled spirit production in order for the IRS to have the authority to apply the current § 6321 against them to assess a tax**. Neither the Defendant nor the IRS has offered any facts, evidence, affidavits, or testimony that Plaintiffs have been involved in the specific activities authorized by Congress that would create the conditions precedent allowing the IRS to assess a lien by way of 26 U.S.C. § 6321.  Therefore, any penalties or taxes originally assessed pursuant to § 6321 which resulted in a seizure of Plaintiffs' property under § 6331 was accomplished by the IRS by expanding the meaning and misapplying of the law and must be set aside by this Court.

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

11

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

This set of circumstances, <u>supported by the adjudicated facts presented</u>, cannot be deemed as fatuous or frivolous. Any liens created by the IRS under the current § 6321, and used as the foundation to support filing of "Notices of Federal Tax Lien" against Plaintiffs' property, are outside the authority of law and must be set aside by the Court under the APA. This scheme operated by the IRS and supported by their "interpretations" as applied against the Plaintiffs, moves under a theory that could be aptly identified as "the fruit of the poisonous tree." Every act by the IRS against Plaintiffs which follows the illegal assessment is unlawful, including any levies, and operates as an impermissible taking by the IRS **and is not a "tax" issue**, as the Defendant would have this court believe.

## VII.   The IRS is Required to Follow Their Own Procedures

The Defendant argues that Plaintiffs are not entitled to an Office examination pursuant to 26 C.F.R. § 601.105(b)(2)(i) because this Treasury Regulation is "explicitly directed at controlling the conduct of the IRS" and "does not have the force and effect of law." <u>Ward v. Commissioner of Internal Revenue</u>, 784 F.2d 1424, 1431 (9th Cir. 1986). However, the jurisprudence demonstrated in <u>Morton v. Ruiz</u> 415 U.S. 199 (1974) indicates that once an agency has adopted internal procedural rules for itself to follow, if rights of individuals are affected, those rules must be followed.

> "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required."
> "Before the BIA may extinguish the entitlement of these otherwise eligible beneficiaries, it must comply, at a minimum, with its own internal procedures." <u>Morton v. Ruiz supra.</u>

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

12

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington  98112
(206) 601-7946

The IRS is required to comply with its own procedures and the Plaintiffs have the right to depend upon those procedures published in the Code of Federal Regulations.  Therefore, the Plaintiffs **do** have standing for judicial review of this matter.

**VIII.  Plaintiffs Submission of a 26 U.S.C. § 7433 Claim and Exhaustion of Other Administrative Remedies**

The Defendant at page 7 of the MOTION TO DISMISS alleges that the Plaintiffs failed to indicate they have exhausted administrative remedies.  On Page 3, line 21 through Page 4, line 1 of the Complaint the Plaintiff described how they requested refunds from the IRS by following instructions from IRS employees and for their efforts they were slapped with additional penalties for making the refund/abatement request.

In the MOTION TO DISMISS at Page 11, line 17 the Defendant also argues that Plaintiffs have failed to comply with 26 U.S.C. § 7433.  While the Plaintiffs might have failed to mention the administrative claim in the Complaint the Plaintiffs **did file** the "Notice of Intent to Sue" pursuant to 26 C.F.R. 301.7433-1(e) on January 7, 2012 and sent the Notice to Henry Slaughter, Area 12 Area Director, Seattle, Treasury Insp. General for Tax Admin Assistant Commissioner Chris Harris, Territory Manager and others.  The document was delivered under USPS Certified Mail # 7010 2780 0001 6070 2836 and a copy can be produced upon request if the Defendant cannot find what has already been delivered to them.  While the Plaintiffs might not have used the exact words in the Complaint "we have exhausted our administrative remedies" the facts remain that Plaintiffs exhausted every remedy that they knew of, including seeking advice of counsel.

**IX.     Affirmative Action Required To Enforce IRS Lien**

The Defendant argues that an IRS lien justifies a jeopardy seizure under § 6331 and that no further action is required by the IRS after the seizure, an inexpensive procedure which has a total cost of about .50 cents.  The Supreme Court has ruled that § 6331 is needed to protect the Treasury of the United States.  Plaintiffs do not dispute this fact but only if § 6331 is applicable under the law and circumstances.  However, the Supreme Court, in <u>United States v. National Bank of Commerce</u>, 472 U.S. 713 (1985), clearly determined that the administrative seizure allowed under § 6331 was a "provisional remedy" while the lien-foreclosure suit required under § 7403 was a "plenary action."  <u>United States v. National Bank of Commerce</u>, supra, states;

> "The administrative levy has been aptly described as a "**provisional remedy**."4 Bittker, para, 111.5.5, at 111-108.  In contrast to the lien-foreclosure suit, **the levy does not determine whether the Defendants rights to the seized property are superior to those of other claimants**; it, however, does protect the Defendant against diversion or loss while such claims are being resolved."  [emphasis added]

<u>United States v. National Bank of Commerce</u>, supra, further states;

> "A federal tax lien, however is not self-executing.  Affirmative action by the IRS is required to enforce collection of the unpaid taxes.   The Internal Revenue Code provides two principal tools for the purpose.  The first is the lien-foreclosure suit.  Section 7403(a) authorizes the institution of a civil action in federal district court to enforce a lien "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax." Section 7403(b) provides: "All persons having lien upon or claiming any interest in the property involved in such action shall be made parties thereto" the suit is a plenary action in which the court "shall … adjudicate all matters involved therein and finally determine the merits of all claims to and lien upon the property." § 7403(c).  See generally <u>United States v. Rodgers</u>, 461 U.S. 677, 680-682 (1983).  The second tool is the collection of the unpaid tax by administrative levy.  The levy is a provisional remedy and typically "does not require any judicial intervention." Id. At 682.  The governing statute is § 6331(a). See n. 1 supra.  It authorizes collection of the tax by levy, which, by § 6331(b), "includes the power of distraint and seizure by any means.""  [emphasis added]

Black's Law 6th edition defines a "**provisional remedy**" as

> "A remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency.  Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending.  Such include the remedies of injunction, appointment of a receiver, attachment, or arrest." [emphasis added]

RESPONSE IN OPPOSITION TO  
DEFENDANT'S MOTION TO DISMISS  
Case No. 14-cv-01688-RAJ

14

Gary & Karen Fujita  
113 32nd Ave. East  
Seattle, Washington 98112  
(206) 601-7946

Black's Law 6th edition defines "**affirmative**" as

> "That which declares positively; that which avers a fact to be true; that which establishes; the opposite of negative."

Black's Law 6th edition defines "**plenary action**" as

> "A complete and formal hearing or trial on the merits as distinguished from a summary hearing which is commonly less strict and more informal. <u>May v. Henderson</u>, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870."

The Supreme Court clearly mandated that "affirmative action" is required to enforce collection of unpaid taxes. This affirmative action is the same plenary action referred to in <u>United States v. National Bank of Commerce</u>, supra, and authorized by § 7403. The Defendant argument that a plenary action under § 7403 is not required is contrary to and in the teeth of <u>United States v. National Bank of Commerce</u>, supra, and is without merit.

The Defendant takes the position, absent any facts, evidence, affidavits, or testimony that conditions precedent exist that places Plaintiffs' alleged conduct under the authority of a Statute at Large and the IRS can assess taxes and seize the property of the Plaintiffs in the absence of any legal mechanism upon which to obtain judicial review of the agency action. As far as the Plaintiffs understand there is no authority of law that would support a government taking purely and ultimately by administrative means without some avenue available for meaningful judicial oversight. See,

> <u>Bowen v. Michigan Academy of Family Physicians</u>, 476 U.S. 667, 670 (1986). See also <u>McNary v. Haitian Refugee Center</u>, 498 U.S. 479, 496 (1991)
>
> "it is most unlikely that Congress intended to foreclose all forms of meaningful judicial review," given the presumption "that Congress legislates with knowledge of our basic rules of statutory construction"

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

15

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington 98112
(206) 601-7946

# CONCLUSION

The Defendant, without addressing, supplying, or substantiating any of the conditions precedent required to support their claims, has attempted to get the Court to dismiss this case. Additionally, the Motion to Dismiss is incomplete and is merely heresay in that it lacks any evidence or testimony in support of each allegation. See *Trinsey v. Pagliaro,* 229 F.Supp. 647 (1964) as follows,

> The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment.

Conditions precedent are the essential elements based on facts and therefore the foundation of every legal matter. The failure to supply necessary and proper facts to support a foundational argument by the Defendant, even after having ninety days to respond to the Plaintiffs' Complaint, may be compared to a construction company trying to construct a sky scraper starting at the 10th floor.

For the foregoing reasons, The Plaintiffs respectfully request that the Court deny the Defendants Motion to Dismiss.

Dated this 22nd day of February, 2015.

    Respectfully submitted,

    Gary and Karen Fujita

    */s/Gary & Karen Fujita*

    Gary Fujita & Karen Fujita
    113 32nd Ave. East
    Seattle, Washington 98112
    206-601-7946
    karenfujita@msn.com

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Case No. 14-cv-01688-RAJ

16

Gary & Karen Fujita
113 32nd Ave. East
Seattle, Washington 98112
(206) 601-7946

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON THIS 22nd DAY OF February, 2015, I filed the foregoing Response in Opposition to United States' Motion to Dismiss with the Clerk of Court using the CM/ECF system. The CM/ECF system will send notice of this filing to Defendants' attorney, Charles J. Butler, who is registered to receive electronic service.

*/s/ Karen K. Fujita*

Karen Fujita, Pro Se
113 32nd Ave. East
Seattle, Washington 98112
206-601-7946
karenfujita@msn.com